2008 ME 175

**STATE of Maine**

v.

**Debra L. PORTER.**

Supreme Judicial Court of Maine.

On Briefs: Nov. 4, 2008.
Decided: Dec. 2, 2008.

Michael E. Povich, District Attorney, Mary N. Kellett, Asst. Dist. Atty., Ellsworth, ME, for the State of Maine.

Jeffrey C. Toothaker, Esq., Toothaker & Chong, Ellsworth, ME, for Deborah Porter.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] The State of Maine appeals, pursuant to 15 M.R.S. 2115-A (2007), from the order of the Superior Court (Hancock County, *Marden, J.)* granting Debra L. Porter's motion to suppress all evidence in the operating under the influence case brought against her. The State argues that the Superior Court was compelled to find that the stop of her motor vehicle was based on reasonable articulable suspicion and was therefore justified. In particular, the State challenges the court's emphasis on speed and distance as indispensable factors to justify investigatory stops. We agree with the State's contention that, on the facts found by the court, the officer had reasonable articulable suspicion that Debra had been operating under the influence, and the stop was justified. Accordingly, we vacate the suppression order.

## I. BACKGROUND

[¶ 2] The undisputed facts from the suppression hearing are as follows: On the evening of Saturday, September 22, 2007, Officer Timothy Bland of the Bar Harbor Police Department was on patrol. At approximately 9:44 p.m., he pulled behind Debra's car on Route 3 and observed her vehicle drive onto the fog line and then swerve onto the yellow center line, going over the center line by approximately a foot. At that point, Officer Bland turned on the video camera in his police cruiser. Debra's vehicle drove onto, but did not cross, the center and fog lines. Debra's vehicle passed by the College of the Atlan-

tic at a busy time of night while pedestrians were walking near the fog lines.

[¶ 3] After following the vehicle for about a quarter of a mile, and based on his observations of the vehicle crossing the center line and touching the center and fog lines, Officer Bland decided to stop the driver. At the stop, Officer Bland found the operator of the vehicle to be Debra Porter. He issued her a Summons and Complaint for operating under the influence.

[¶ 4] On February 15, 2008, Debra filed a motion to suppress "all evidence." The evidence presented at the suppression hearing consisted of the testimony of Officer Bland and Debra, videotape from Officer Bland's police cruiser, and photographs of Route 3. After the hearing, the Superior Court made the following factual findings on the record:

"We have the hour of the day which is marginal as to that period of time when there is—studies have shown a percentage of drivers who will be driving after having consumed alcohol."

"We have an area of the state in which there are a number of establishments in that area who serve alcohol as well as food and other things."

"I find as a fact that the officer observed the defendant crossing the center line by one foot and on the other occasions driving onto the fog line and the center line. The video does display the defendant traveling onto the fog line."

[¶ 5] Despite these findings, the motion court concluded that suppression was warranted because of the lack of evidence on the speed at which Debra was traveling and the short distance of the officer's observations. Specifically, the motion court concluded:

"Under the circumstances of this case, in the absence of evidence of speed that

is significantly inconsistent with the flow of traffic or the speed limit, the rather short period of observation—less than a quarter of a mile traveling in a vehicle is a very short period. In such a short period, the Court would expect the officer to reasonably have found some substantial deviant operation, and I think under the circumstances in this case and limited to the circumstances of this case, the Court must grant the motion to suppress."

[¶ 6] Pursuant to 15 M.R.S. 2115–A, the State appeals the granting of Debra's motion to suppress.

## II. DISCUSSION

■ [¶ 7] A motion court's factual findings will be overturned only when clearly erroneous; however, the legal conclusions drawn from the facts are subject to an independent examination. *State v. Menard*, 2003 ME 69, ¶ 7, 822 A.2d 1143, 1145. The State has not challenged the factual findings of the motion court, only the legal conclusions derived from those facts. We review those conclusions de novo. *Id.*

■ [¶ 8] "In order to support a brief investigatory stop of a motor vehicle, such as the stop in this case, a police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur." *State v. Sylvain*, 2003 ME 5, 11, 814 A.2d 984, 987. "The officer's suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances." *Id.* (citation omitted). "Whether an officer's suspicion is objectively reasonable is a pure question of law." *Id.*

■ [¶ 9] While there is no mechanical standard for reviewing a court's conclu-sions on whether an officer's suspicion was objectively reasonable, *State v. Cusack*, 649 A.2d 16, 18 (Me.1994), "reasonable articulable suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence." *State v. Burgess*, 2001 ME 117, ¶ 8, 776 A.2d 1223, 1227. The suspicion need only be more than speculation or an unsubstantiated hunch. *Id.* This standard balances the driver's right to be free from excessive restraint by the State against the public's right not to be placed at risk by an impaired driver. *Sylvain*, 2003 ME 5, 17, 814 A.2d at 988.

■ [¶ 10] Here, the court's conclusion emphasizes not the observed line crossing and touchings, but the short distance of the officer's observations and the absence of evidence on the vehicle's speed. While the speed at which a vehicle is traveling and the distance of an observation *may* be factors used in developing reasonable articulable suspicion, they are not necessary elements of reasonable articulable suspicion. *See State v. Lafond*, 2002 ME 124, ¶ 13, 802 A.2d 425, 430; *State v. Dulac*, 600 A.2d 1121, 1123 (Me.1992); *State v. Pelletier*, 541 A.2d 1296, 1297 (Me. 1988).

[¶ 11] The only requirement we have imposed on the reasonable articulable suspicion standard is that an officer's suspicion be more than mere speculation or an unsubstantiated hunch. *See State v. Caron*, 534 A.2d 978, 979 (Me.1987) (finding an officer's suspicion after observing only one straddle of the center line to be a mere hunch or speculation, and not objectively reasonable).

[¶ 12] When, as is the case here, an officer observes a vehicle cross the center line by more than a foot, then move across the lane to the fog line, touch that line, and then move back to the center line, touching the center line, all within a quarter mile, it

is objectively reasonable for that officer to suspect that the driver may be impaired by alcohol. Officer Bland's investigatory stop of Debra's vehicle was therefore lawful.

[¶ 13]   On the facts found by the court, applying the law de novo to those facts, the motion to suppress must be denied.

The entry is:

Order of suppression vacated.  Case remanded for entry of an order denying the motion to suppress.