State v. Choi, CR-09-2912 (Superior Ct. Cumberland)

A hearing on defendant's motion to suppress was held on October 29, 2009. At the hearing counsel for defendant stated that his challenge was limited to whether there was reasonable articulable suspicion for the vehicle stop and reasonable articulable suspicion to justify requesting the defendant to perform field sobriety tests.[1]

The court makes the following findings:

In the early morning of April 12, 2009 Officer Stailing of the South Portland Police Department was traveling eastward on Westbrook Street when his attention was drawn to a vehicle (driven by defendant Won Choi) traveling ahead of him on Westbrook Street. Although the officer testified that he saw the vehicle swerve almost off the road after it had passed the intersection of Broadway and Westbrook Street, the court did not observe any discernable swerve on a video taken from the cruiser. On this record, the court does not find that there was any erratic operation or other basis for an articulable suspicion that would have justified a stop at that point or that would contribute to the existence of reasonable articulable suspicion at a later point. However, the court infers that something about the vehicle drew the officer's attention because the officer, who was originally delayed by a red light at the Broadway intersection, accelerated to over 60 miles per hour in order to catch up to Choi's vehicle.

Choi's vehicle was briefly lost to the officer's view as it crested a hill but when the officer was able to see it again, the vehicle was on the right side of the road partially over the fog line in the breakdown lane.[2] After a few seconds Choi's vehicle returned to the travel lane but then traveled back partially into the breakdown lane, straddling the fog line, where it remained for more than five seconds before the officer turned on his blue lights. Choi's vehicle did not swerve and was not being operated in a dangerous manner. There were no pedestrians or parked vehicles in the breakdown lane.

The question before the court therefore is whether the officer's observation of Choi's vehicle twice traveling partially over the fog line after it had crested the hill is sufficient to constitute a reasonable articulable suspicion sufficient to justify an OUI stop. This is a close question. While crossing a solid centerline potentially constitutes a traffic violation, see 29-A M.R.S. § 2970(5)(D), crossing a fog line does not. Moreover, Choi's vehicle was not drifting back and forth from center line to fog line as in State v. Porter, 2008 ME 175, 960 A.2d 175. Compare State v. Caron, 534 A.2d 978, 979 (Me. 1987)(one straddle of centerline does not alone lead to reasonable articulable suspicion). Because the State bears the burden of proof in demonstrating a reasonable articulable

---

[1] On the latter issue – assuming without deciding that the officer needed additional reasonable articulable suspicion to proceed to field sobriety tests – the court finds that after the officer stopped defendant's vehicle, the officer detected the odor of alcohol, the defendant stated that he had consumed one drink, and the defendant also stated that he would place himself as a 3 on a 1 to 10 scale with respect to whether he was affected by alcohol. This was more than sufficient to generate a reasonable articulable suspicion to proceed to field sobriety tests.

[2] At that location the breakdown lane consisted of a space the width of a car between the fog line and the curb.

suspicion and the court finds the evidence is evenly divided here, it will grant the motion to suppress.

The motion to suppress the vehicle stop is granted.

Dated: October _30_, 2009

_____
Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
 vs
WON W CHOI
143R WASHINGTON AVENUE
PORTLAND ME 04103

Docket No   CUMCD-CR-2009-02912

**DOCKET RECORD**

DOB: 01/07/1978
Attorney: MICHAEL WHIPPLE
      THOMAS F HALLETT LAW OFFICES   PA
      75 MARKET STREET SUITE 502
      PO BOX 7508
      PORTLAND ME 04112
      RETAINED 04/21/2009

State's Attorney: STEPHANIE ANDERSON

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE      04/12/2009 SOUTH PORTLAND**
**Seq 9878  29-A  2411(1-A)(A)      Class D**

## Docket Events:

04/15/2009 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 04/13/2009

04/15/2009 Charge(s): 1
      HEARING -  ARRAIGNMENT SCHEDULED FOR 07/08/2009 @ 8:30 in Room No.  1

      NOTICE TO PARTIES/COUNSEL
04/15/2009 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 04/13/2009

      Bail Amt: $1,000
      Date Bailed: 04/12/2009
      988
04/23/2009 Party(s): WON W CHOI
      ATTORNEY -  RETAINED ENTERED ON 04/21/2009

      Attorney: MICHAEL WHIPPLE
06/25/2009 Charge(s): 1
      SUPPLEMENTAL FILING -  COMPLAINT FILED ON 06/24/2009

08/24/2009 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 08/19/2009

      Attorney: MICHAEL WHIPPLE
      JH
08/25/2009 MOTION -  MOTION TO CONTINUE GRANTED ON 08/25/2009
      JEFF  MOSKOWITZ , JUDGE
      COPY TO PARTIES/COUNSEL                                   JH
08/25/2009 Charge(s): 1
      HEARING -  ARRAIGNMENT CONTINUED ON 08/25/2009

08/25/2009 Charge(s): 1
      HEARING -  ARRAIGNMENT SCHEDULED FOR 10/06/2009 in Room No.  7

08/25/2009 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 10/06/2009 @ 1:00 in Room No.  7

08/25/2009 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 09/15/2009

08/25/2009 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 11/09/2009 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
08/25/2009 Charge(s): 1
TRIAL - JURY TRIAL NOTICE SENT ON 08/25/2009

JH
10/06/2009 HEARING - DISPOSITIONAL CONFERENCE HELD ON 10/06/2009
PAUL E EGGERT , JUDGE
Attorney: MICHAEL WHIPPLE
DA: ANGELA CANNON
Defendant Present in Court

SET FOR MOTION HEARING
10/06/2009 Charge(s): 1
MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 10/06/2009

10/06/2009 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 10/29/2009 @ 1:00 in Room No. 8

NOTICE TO PARTIES/COUNSEL
10/06/2009 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 10/13/2009

AMENDED
10/28/2009 Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 10/06/2009

DEFENDANT INFORMED OF CHARGES. 21 DAYS TO FILE MOTIONS
10/30/2009 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 10/29/2009
THOMAS D WARREN , JUSTICE
Attorney: ROBERT ELLIS
DA: MICHAEL WHIPPLE
10/30/2009 Charge(s): 1
MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 10/29/2009
THOMAS D WARREN , JUSTICE
11/02/2009 Charge(s): 1
MOTION - MOTION TO SUPPRESS EVIDENCE GRANTED ON 10/30/2009
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL                                      COPY OF ORDER
SENT TO ALL PARTIES

A TRUE COPY
ATTEST: _____
                        Clerk