STATE OF MAINE
CUMBERLAND, SS.

Unified Criminal Docket
Docket No. CUMCD-CR-11-2814 ✓
WRD — CUM 12/2/2011

STATE OF MAINE           )
                         )
        v.               )         **ORDER DENYING**
                         )         **MOTION TO SUPPRESS**
MICHAEL M. BOHLMAN,      )
        Defendant.       )

Defendant is charged with operating under the influence.   He filed a motion to suppress asserting that the arresting officer lacked reasonable, articulable suspicion for the stop and lacked probable cause for arrest, and requesting suppression of all evidence gathered as a result of the stop and arrest.

Hearing on the motion was held November 1, 2011.   Defendant appeared for the hearing with his attorney, Neale A. Duffett, Esq.   Assistant District Attorney Julia Sheridan represented the State.   The court heard testimony from Sgt. Andrew Steindl and Officer Rory Diffin of the Cape Elizabeth Police Department.   In addition, Defendant offered into evidence two DVDs, which were admitted without objection and with the understanding that the court would view them at some time after the hearing and before issuing a decision.[1]   One DVD, Exhibit 1, is a copy of the recording of the actual stop in this case during the early morning of May 8, 2011 made by the video camera in Sgt. Steindl's vehicle.   The other DVD, Exhibit 2, is a copy of a video depicting a section of Route 77 just north of the intersection with the access road to Cape Elizabeth High School, where Sgt. Steindl's vehicle was at the time he first encountered Defendant's vehicle.   This second DVD was shot during daylight hours on a date after May 8th, and shows approximately 10 vehicles approaching and then travelling through this section of Route 77 in a southerly direction, the same direction that Defendant's vehicle travelled on the morning of May 8th.   It also clearly shows the brick-surfaced traffic divider that leads into the left-hand turn lane for northbound traffic approaching the intersection of Route 77 and the high school access road.

At approximately 1:30 am May 8, 2011, Sgt. Steindl was on duty, in his marked police cruiser, and slowing to stop at the above-mentioned intersection. The traffic signal for vehicles on Route 77 was a flashing yellow light.   The officer was stopped at

---

[1] Although Exhibit 2 was viewable, the court could not get Exhibit 1 to play, even after attempts to play it on several different computers and a standard DVD player in consultation with Judicial Branch OIT personnel.   The court held a telephonic conference with counsel to discuss the problem of viewing Exhibit 1, and whether Defendant wished the court to proceed with its decision without viewing it.   Defense counsel requested the court view Exhibit 1 before ruling. When further attempts to view it failed, arrangements were made to view the DVD in Portland on December 1st on a computer in the District Attorney's office, where ADA Sheridan had previously viewed a disc bearing another copy of the same recording.   Efforts to play the disc entered into evidence at the hearing were again unsuccessful, but the court was able to view the copy on the disc in the District Attorney's file.

1

a flashing red light. He observed a vehicle to his left approaching the intersection heading in a southerly direction. He visually estimated the speed of the vehicle initially to be 35 mph. The vehicle's speed slowed markedly to an estimated speed of 20 mph as it approached and passed through the intersection. It was the officer's impression at the time that the vehicle slowed only when it was close enough to the intersection to see his marked police cruiser.

After the vehicle passed through the intersection, Sgt. Steindl pulled out and followed the vehicle. He observed (and the cruiser's video shows) the vehicle traveling at the far left side of the travel lane, crossing several feet over the traffic divider immediately south of the intersection. The vehicle continued in this position for some distance, estimated by Sgt. Steindl to be approximately 75 feet.

The two vehicles continued southbound on Route 77 through an area known as "the strip." The speed limit in that area is 50 mph. Defendant was traveling at approximately 40 mph. Sgt. Steindl testified that it is typical for an intoxicated driver to operate a vehicle more slowly than normal. The vehicle operated by Defendant moved from the left side of the travel lane to the far right, hugging the fog line. Further south the vehicle drifted over the fog line for about 50 feet. Then a left turn signal was activated, brake lights illuminated, and Defendant turned left onto Broad Cove Road. Sgt. Steindl followed and at the turn activated his emergency lights. Defendant activated his right turn signal, then his left. When Defendant did not immediately pull over, Sgt. Steindl activated his siren and made the stop.

Sgt. Steindl approached the vehicle and asked to see the operator's license, registration and insurance. Defendant Michael Bohlmann was the operator. There was a female passenger in the front seat. Sgt. Steindl detected the odor of intoxicants coming from the vehicle. He observed that Mr. Bohlmann had bloodshot eyes and dilated pupils, and asked him if he had been drinking. Defendant replied, "Several glasses of wine." The female passenger volunteered that they were coming from an engagement party, which had started around 5:30 pm that evening. She said that Defendant was driving because she did not think she could safely have driven.

Sgt. Steindl then administered a series of field sobriety tests to Defendant, including the Alphabet Test (E to R), the Heel-to-Toe (Walk-and-Turn) Test, and the One-Legged Stand Test. He noted several irregularities. On the first test, Defendant omitted the letter, "Q". On the second test, Defendant double-counted on each of his first steps. On the third test, Defendant successfully completed the test but used his arms for balance in doing so.

Officer Diffin, who had arrived as back-up, administered additional standard field tests, including the Horizontal Gaze Nystagmus (HGN) test, the Vertical Gaze Nystagmus (VGN) test and the Lack-of-Convergence test. On the HGN test, Officer Diffin detected six indicia of intoxication. Both the VGN test and the lack-of-convergence tests, in Officer Diffin's opinion, likewise suggested intoxication. A final test, in which Defendant was asked to close his eyes, put his head back, estimate the passage of 30 seconds, and then say, "stop," also corroborated Officer Diffin's suspicion when 53 seconds had elapsed before Defendant spoke but did not say the word, "stop," as instructed. In addition, Officer Diffin testified that he observed could smell

2

intoxicating liquor on the Defendant from a distance of ten feet, and that Defendant was moving "excessively" slowly and deliberately. Based on the field tests and his observations, Officer Diffin independently concluded that Defendant was intoxicated.

To stop a vehicle, an officer must have an "objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. The officer's suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances." *See, e.g., State v. Porter*, 2008 ME 175, ¶ 8, 960 A.2d 321, 323 (citing *State v. Sylvain*, 2003 ME 5, ¶ 11, 814 A.2d 984, 987). This must amount to more than "mere speculation or an unsubstantiated hunch." *See id.* at ¶ 11, 960 A.2d at 323.

The totality of factors observed by Sgt. Steindl combine to form a reasonable articulable basis for suspecting that the operator of the vehicle in question was intoxicated or otherwise impaired, including the marked decrease in the vehicle's speed at it approached the intersection where his cruiser was sitting; the vehicle's crossing over the lane divider just after the intersection and traveling for some distance partially on the brick-surfaced turning lane; the vehicle's continued operation at a reduced speed through the strip; and its hugging of the fog line and eventual crossing over that line briefly. *Accord id.* at ¶ 12, 960 A.2d at 323-24 (reasoning, in denying motion to suppress, that "[w]hen … an officer observes a vehicle cross the center line by more than a foot, then move across the lane to the fog line, touch that line, and then move back to the center line, touching the center line, all within a quarter mile, it is objectively reasonable for that officer to suspect that the driver may be impaired by alcohol").

Defendant contends that he was travelling more slowly because the weather was so foggy that visibility was decreased. Although some fog can be seen on the cruiser video, it is mostly seen at the location of the stop on Broad Cove Road, and well after the stop had been made. The visibility on Route 77, both before and after the stop, does not seem to be significantly diminished at all. Defendant also suggests that his drifting over the center lane divider immediately north of the intersection where he passed Sgt. Steindl is not suspect because the configuration of the traffic lanes there, and particularly the narrowing of the south-bound lane to accommodate the third, left-hand turning lane makes it reasonable to expect that vehicles passing through the intersection may not be expected to stay fully in the south-bound lane. Exhibit 2, however, shows otherwise. Nearly all of the vehicles shown in that Exhibit had no problem staying within the proper travel lane without crossing over the lane divider. And Defendant was traveling at a much-reduced rate of speed through that intersection.

The court also concludes that there was probable cause to arrest Defendant for operating under the influence. The observations of the officers at the scene and the Defendant's performance on the field sobriety tests provided ample probable cause to arrest Defendant for operating under the influence. *See, e.g., State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976, 978 ("For there to be probable cause to arrest someone for operating under the influence … an officer must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink").

3

Accordingly, Defendant's motion to suppress is DENIED.

The clerk may incorporate this order upon the docket by reference.

Dated:    December 2, 2011

Wayne R. Douglas
Judge

4

STATE OF MAINE
   vs
MICHAEL M BOHLMANN                                      Docket No   CUMCD-CR-2011-02814
100 WEST 18TH ST APT 7F
NEW YORK NY 10011                                      **DOCKET RECORD**

DOB: 10/18/1978
Attorney: NEALE DUFFETT                          State's Attorney: STEPHANIE ANDERSON
         CLOUTIER BARRETT CLOUTIER & CONLEY
         465 CONGRESS ST
         PORTLAND ME 04101
         RETAINED 05/26/2011

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE              05/08/2011 CAPE ELIZABETH**
**Seq 11493 29-A  2411(1-A)(A)          Class D**
**   STEINDL              / CAP**

## Docket Events:

05/10/2011 FILING DOCUMENT -  CASH BAIL BOND FILED ON 05/09/2011

05/10/2011 Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 07/12/2011 at 08:30 a.m. in Room No.  1

         NOTICE TO PARTIES/COUNSEL
05/10/2011 BAIL BOND - $300.00 CASH BAIL BOND FILED ON 05/09/2011

         Bail Receipt Type: CR
         Bail Amt:  $300
                                    Receipt Type: CK
         Date Bailed: 05/08/2011    Prvdr Name: DOUGLAS H BAGIN
                                    Rtrn Name: DOUGLAS H BAGIN
         2/8/48    682
05/26/2011 Party(s):  MICHAEL M BOHLMANN
         ATTORNEY -  RETAINED ENTERED ON 05/26/2011

         Attorney: NEALE DUFFETT
05/31/2011 Charge(s): 1
         SUPPLEMENTAL FILING -  COMPLAINT FILED ON 05/26/2011
         JAMES  TURCOTTE , ASSISTANT CLERK
07/12/2011 Charge(s): 1
         HEARING -  ARRAIGNMENT WAIVED ON 07/12/2011 at 08:30 a.m. in Room No.  1

07/12/2011 Charge(s): 1
         PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 07/12/2011 at 08:30 a.m. in Room No.  1

07/12/2011 Charge(s): 1
         HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 09/29/2011 at 10:00 a.m. in Room No.  7

07/12/2011 Charge(s): 1
         TRIAL -  JURY TRIAL SCHEDULED FOR 11/14/2011 at 08:30 a.m. in Room No.  11

         NOTICE TO PARTIES/COUNSEL

09/12/2011 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 09/12/2011
        JUSTIN WESLEY , ASSISTANT CLERK-E
09/12/2011 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 09/12/2011

        Attorney: NEALE DUFFETT
09/13/2011 MOTION - MOTION TO CONTINUE GRANTED ON 09/13/2011
        RICHARD MULHERN , JUDGE
        COPY TO PARTIES/COUNSEL
09/13/2011 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE CONTINUED ON 09/13/2011
        RICHARD MULHERN , JUDGE
09/13/2011 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 10/13/2011 at 10:00 a.m. in Room No.  7

09/28/2011 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 09/28/2011

10/13/2011 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE HELD ON 10/13/2011
        WAYNE DOUGLAS , JUDGE
        Attorney: NEALE DUFFETT
        DA: MICHAEL MADIGAN
        NO AGREEMENT
10/17/2011 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/14/2011

        Attorney: NEALE DUFFETT
10/17/2011 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 11/01/2011 at 01:00 p.m. in Room No.  8

        NOTICE TO PARTIES/COUNSEL
10/17/2011 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 10/17/2011
        JUSTIN WESLEY , ASSISTANT CLERK-E
11/01/2011 HEARING - MOTION TO SUPPRESS HELD ON 11/01/2011
        WAYNE DOUGLAS , JUDGE
        Attorney: NEALE DUFFETT
        DA: JULIA SHERIDAN
        Defendant Present in Court

        STATE'S WITNESS SGT ANDREW STEINDL @ 2:59P STATE'S WITNESS OFF RORY DIFFIN @ 3:23P STATE
        RESTS/DEF'S WITNESS DOUGLAS BAGIN @ 3:35P DEF RESTS @ 3:42  DEF'S EXHIBIT #1 = VIDEO O/A
        - GIVEN TO JUDGE DOUGLAS DEF'S EXHIBIT #2 = VIDEO ADMITTED PROVISIONALLY - GIVEN TO JUDGE
        DOUGLAS, STATE WILL COME LISTEN TO VIDEO, STATE'S OBJ TO VIDEO DUE 11-8-11, DEF TO FILE
        BRIEF BY 11-15-11, STATE'S REPLY TO BRIEF DUE 11-22-11
11/10/2011 Charge(s): 1
        TRIAL - JURY TRIAL CONTINUED ON 11/10/2011

11/16/2011 OTHER FILING - MEMORANDUM OF LAW FILED ON 11/15/2011

12/08/2011 MOTION - MOTION TO SUPPRESS DENIED ON 12/08/2011
        WAYNE DOUGLAS , JUDGE
        COPY TO PARTIES/COUNSEL
12/08/2011 ORDER - COURT ORDER ENTERED ON 12/07/2011
        HELEN SLOCOMB , ASSISTANT CLERK-E

ORDER DENYING MOTION TO SUPPRESS

A TRUE COPY
ATTEST:  _____
                         Clerk

NEALE DUFFETT ESQ
465 CONGRESS STREET
PORTLAND ME 04101