STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                         PORTLAND
                                        Docket No. CR-11-5615
                                        EMK - CUM- 12/12/2011

STATE OF MAINE

v.                              )       ORDER ON DEFENDANT'S MOTION
                                )       TO SUPPRESS EVIDENCE
DARREN L. CRAWFORD              )
                                )
         Defendant              )

This matter came before the court on December 8, 2011 for hearing on Defendant's motion to suppress, dated September 1, 2011. Defendant appeared with his attorney, Scott Gardner. Assistant District Attorney Ames represented the State.

Defendant is charged with operating under the influence on April 23, 2011. The motion asserts that the arresting State Trooper lacked reasonable articulable suspicion to stop Defendant's vehicle, that there was no probable cause for Defendant's arrest, and that Defendant's *Miranda* rights were violated. At the hearing, Attorney Gardner waived the probable cause and *Miranda* grounds, and focused Defendant's challenge on the constitutionality of the stop.

The pertinent facts are as follows: At approximately 12:50 a.m. on April 23, 2011, State Trooper Joseph Bureau was driving southbound on Route 115 in Windham near the intersection with Route 302. He observed a white pick-up truck pull out of Abby Road and make a left turn. The turn was extremely wide, with the truck veering close to the far lane's fog line and then overcorrecting by veering close to the center line before again correcting and straightening out. A demonstrative aid was used to diagram the configuration of roads, Trooper Bureau's vantage point, and what he saw, which resulted in Trooper Bureau drawing an S-shaped line to indicate the driving pattern he observed Defendant make. Much of Attorney Gardner's cross-examination focused on whether the Trooper had observed Defendant's vehicle touch or cross the fog line, noting that Trooper Bureau's report did not indicate that the fog line had been crossed. Stating that he did not wish to testify to anything different from what he had stated in his report, Trooper Bureau retracted his testimony on that point.

The Defendant introduced three photographs into evidence, two of which depicted the scene from opposite directions, with the third depicting Defendant's truck. By these photographs Defendant sought to show that his driving maneuver was occasioned by the size of his truck and the configuration of the road, and that the maneuver was not so unusual as to give reasonably give rise to an articulable suspicion of impaired driving. Defendant argued that Trooper Bureau, lacking any reasonable articulable suspicion, stopped Defendant's vehicle simply because of the time of night and because of Abby Road's proximity to a local drinking establishment.

The Defendant is correct in noting that the reasonable suspicion standard requires "more than speculation or an unsubstantiated hunch." *See, e.g., State v. Caron*, 534 A.2d 978, 979 (Me. 1987) (citing *State v. Wentworth*, 480 A.2d 751, 755 (Me. 1984)). The court finds, however, that the stop effected here was not made on an "unsubstantiated hunch" that the Defendant might have been drinking; rather, Trooper Bureau, aware of the lateness of the hour and the proximity of the 302 Club, observed Defendant make an erratic driving maneuver that a reasonable police officer would consider suspicious. While an officer may not stop a motorist simply because he is driving near a bar late at night, those facts are part of the totality of the circumstances that an officer may take into account. *See, e.g., State v. Connor*, 2009 ME 91, 977 A.2d 1003 (upholding finding of reasonable articulable suspicion where officer, who "was investigating in the vicinity of a large, loud party where drinking of alcoholic beverages was likely occurring" saw a truck veer off the lane into a ditch); *Connor, id.* at ¶ 18 (Clifford, J., with Levy, J., dissenting) ("That a person operates a vehicle outside of or near a bar, or late at night around the time that bars generally close, does not by itself amount to reasonable articulable suspicion, but can be considered by the officer in weighing the totality of the circumstances to determine whether reasonable articulable suspicion exists") (citing *State v. Richford*, 519 A.2d 193, 195 (Me. 1986); *State v. Burnham*, 610 A.2d 733, 735 (Me. 1992)).

The court finds that Trooper Bureau made the stop because he observed Defendant make an S-shaped driving maneuver that he found alarming. He testified that the maneuver was such that he feared for his own safety, as it appeared that the truck after overcorrecting might cross the center line into his patrol car. The truck did not cross the center line, nor does the record establish that the truck crossed the fog line, but line-crossing is not essential to reasonable articulable suspicion. What matters is that the Trooper effecting the stop acted on the basis of "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrants the intrusion." *State v. Dulac*, 600 A.2d 1121 (Me. 1992) (holding that "an extremely wide turn where a portion of the vehicle leaves the paved surface of the road" can be considered erratic driving giving rise to reasonable articulable suspicion).

Although the wide turn here did not involve "leaving the paved surface of the road," as in *Dulac*, that is not required, no more than line-crossing is required. *See, e.g., State v. Porter*, 2008 ME 175, ¶ 11, 960 A.2d 321, 323 ("The only requirement we have imposed on the reasonable articulable suspicion standard is that an officer's suspicion must be more than mere speculation or an unsubstantiated hunch"). The standard, rather, is whether the law enforcement officer making the stop had an objectively reasonable suspicion in the totality of the circumstances that criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. *See, e.g., id.* ¶ 8, 960 A.2d at 323 (citing *State v. Sylvain*, 2003 ME 5, ¶ 11, 814 A.2d 984, 987). The court finds that Trooper Bureau's suspicion that Defendant was impaired, rather than being an "unsubstantiated" hunch, was articulable and objectively reasonable in the totality of the circumstances.

Accordingly, Defendant's Motion to Suppress is hereby DENIED in its entirety.

DATED: 12/9/11

E. Mary Kelly
Judge, Unified Criminal Docket