MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 65
Docket:        Pen-15-310
Submitted
 On Briefs:    April 21, 2016
Decided:       May 3, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

DAVID L. VIOLETTE

GORMAN, J.

[¶1]   On October 19, 2014, an officer of the Bangor Police Department stopped a vehicle driven by David L. Violette.  As a result of that stop, Violette was charged with operating under the influence with two prior convictions for operating under the influence (Class C), 29-A M.R.S. § 2411(1-A)(B)(2) (2015). The motion judge (Penobscot County, *A. Murray, J.*) denied Violette's motion to suppress the evidence obtained from the stop, and Violette then entered a conditional guilty plea to the charge pursuant to M.R.U. Crim. P. 11(a)(2).

[¶2]  Because Violette had two previous convictions for operating under the influence within the ten-year period preceding this conviction, the court sentenced him to four years in prison with all but eighteen months suspended; two years of probation; a fine of $1,385; and a six-year license suspension.  *See* 29-A M.R.S.

§ 2411(5)(C) (2015). Violette appeals, challenging the court's denial of his motion to suppress.

[¶3] Violette contends that the stop of his vehicle was not supported by the required reasonable articulable suspicion, and that the trial court therefore erred by denying his motion to suppress the evidence obtained from the stop. *See State v. Porter*, 2008 ME 175, ¶ 8, 960 A.2d 321 (holding that an investigatory stop of a vehicle is justified when the police officer has an "objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur" based on the totality of the circumstances (quotation marks omitted)). The court found, based on competent evidence in the suppression record, that the officer's attention was drawn to Violette's vehicle because Violette was accelerating the vehicle in such a manner as to cause smoking tires and a squealing noise that lasted for three to four seconds. Based on these facts, the court concluded, by a preponderance of the evidence, that the officer had an objectively reasonable belief that Violette had violated 29-A M.R.S. § 2079 (2015), which prohibits braking or accelerating that is "unnecessarily made so as to cause a harsh and objectionable noise."

[¶4] We discern no error in the court's findings of fact or conclusions of law. *See Porter*, 2008 ME 175, ¶ 7, 960 A.2d 321 (stating that we review the suppression court's findings of fact for clear error and its ultimate legal conclusion

de novo); *State v. Thurlow*, 485 A.2d 960, 963 (Me. 1984) (providing that the suppression court "alone . . . passes upon the credibility and weight of [the] testimony and decides what inferences and deductions can reasonably be drawn therefrom"); *see also State v. Hill*, 606 A.2d 793, 795 (Me. 1992) (holding that an officer's objectively reasonable belief that the defendant was committing a traffic violation was a sufficient ground to support the stop, even when the officer later realized that no such traffic violation had occurred).

The entry is:

Judgment affirmed.

---

**On the briefs:**

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for appellant David L. Violette

R. Christopher Almy, District Attorney, and Susan J. Pope, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2014-3769
FOR CLERK REFERENCE ONLY