STATE OF MAINE　　　　　　　　　　　UNIFIED CRIMINAL COURT
CUMBERLAND, ss.　　　　　　　　　　　PORTLAND
　　　　　　　　　　　　　　　　　　　　Docket No. CR-16-3790

STATE OF MAINE　　　　　　）
　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　）　　　ORDER ON MOTION TO SUPPRESS
　　　　　　　　　　　　　　）
BARRE F. HERSI　　　　　　　）
　　　　　　　　　　　　　　）
　　　　Defendant　　　　　　）

Defendant seeks suppression of evidence on the ground that there was no reasonable articulable suspicion to stop him and no probable cause for his arrest. A hearing was held on Defendant's motion on October 4, 2016. Assistant District Attorney Deborah Chmielewski appeared on behalf of the State. Defendant appeared, represented by Attorney Molly Butler Bailey. The court heard testimony from Officers Nicholas Gowen and Kevin Murphy, and admitted several exhibits into evidence, including a video recording viewed in chambers after the hearing concluded. In addition to the evidence adduced at hearing and through the video, the court has considered counsel's written closing arguments, filed October 6, 2016 and October 7, 2016, respectively, as well as a photograph filed with Defendant's Closing Statement.

The standard governing automotive stops is well-established: "[A] police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. The officer's suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances." *See, e.g., State v. Porter*, 2008 ME 175, ¶ 8, 960 A.2d 321, 323 (citing *State v. Sylvain*, 2003 ME 5, ¶ 11, 814 A.2d 984, 987).

Applying this standard, the court concludes that Officer Gowen had reasonable, articulable suspicion to stop Defendant's vehicle. Officer Gowen testified that while patrolling in his cruiser he observed a silver SUV bearing a license plate that was familiar to him because of a previous incident in which the SUV had eluded police. He observed the driver to be a black male with curly hair and a goatee, wearing a distinctive black and white checkered shirt. Based on a photograph obtained following the previous police chase, Officer Gowen testified that the driver's appearance matched that of the vehicle's registered owner's son. When Office Gowen reversed and began following the SUV, the vehicle abruptly accelerated and made a sharp right

turn, followed by a second sharp right turn, after which Officer Gowen lost sight of the SUV. Based on these observations, a law enforcement officer would have reasonable articulable suspicion to stop the SUV and detain the driver.

The evidence establishes, further, that the Portland police had probable cause to arrest Defendant. After the SUV eluded Officer Gowen, he radioed for other officers to keep an eye out for the vehicle and drove around the area until he saw the SUV parked in a driveway, unoccupied, and saw three black males heading into the woods, including a male wearing a black and white checkered shirt. Minutes later, a young black male wearing a black and white checkered shirt was stopped and detained by Officer Stickney. Although Officer Stickney was not present at the hearing, Officer Murphy testified that he assisted Officer Stickney in detaining Defendant until Officer Gowen arrived. Officer Murphy testified that Defendant was sweaty and out-of-breath, consistent with having run from the woods where he was last seen by Officer Gowen. When Officer Gowen arrived on the scene, he gave Defendant Miranda warnings, reading off of Officer Murphy's laminated card.

In support of his motion to suppress, Defendant asserts that "The inconsistencies in Officer Gowen's statements ... make his account and description of the incident suspicious at best. His vague description of the driver was also not particular enough for Officer Stickney to detain Mr. Hersi in handcuffs." Defendant's Closing Statement at 4. The court is not persuaded by this argument, which is predicated, essentially, on the contention that Officer Gowen's testimony lacks credibility. Having had the opportunity to assess the officer's testimony at hearing, the court finds Officer Gowen's testimony to be credible. Based on that testimony, the court finds Officer Gowen's account of the circumstances of Defendant's stop and arrest, as well as his description of the driver (a young black male wearing a black and white checkered shirt)[1] sufficient to support reasonable articulable suspicion to stop Defendant and probable cause to arrest him.

---

[1] Defendant's Closing Statement directs the court's attention to *Commonwealth v. Warren*, 475 Mass. 530 (Bos. Mun. Ct. 2016). The court finds *Warren* to be distinguishable, as in that case police had only a "vague description of the perpetrators" of a burglary, leading them to detain "a random black male in dark clothing" based on a hunch that he might be a suspect in the crime of breaking and entering. In contrast, here Officer Gowen's testimony supports individualized suspicion based on the vehicle's license plate, his observation of the driver, and his observation of a person matching the driver's description heading into the woods adjacent to the parked vehicle.

Accordingly, having considered the evidence in light of the governing standards, the court finds that Defendant's stop and arrest did not offend Defendant's constitutional rights. It is accordingly hereby ORDERED that Defendant's Motion to Suppress is DENIED.


DATED: *12 Oct 16*

_____

Jed J. French
Judge, Unified Criminal Court