STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC,ss                                       DOCKET NO. CR 17-842

STATE OF MAINE

    v.                                    DECISION ON MOTION

RAYMOND SUDDUTH


On the evening of May 8, 2017, the Winthrop police dispatcher received a call from the night manager of a Winthrop motel reporting a disturbance in the parking lot by a disorderly group described as being intoxicated. The manager further advised the group had left the parking lot in two vehicles and supplied the license plate number of one of the vehicles. In addition, one vehicle was identified as a SUV. A Winthrop police officer on duty responded by driving toward the motel with activated police lights and siren. In doing so,, he came upon two vehicles matching the description identified by the license plate number given by the manager.

He succeeded in stopping one of the vehicles while assisted by a Maine State Trooper who stopped the second vehicle as described. The vehicles had been described by the motel manager as travelling together and were found together at the time of the stops.

The driver of the vehicle stopped by the Winthrop Police Officer was found not to be impaired. The other vehicle was operated by the defendant who was considered impaired and arrested after observations and the conduct of field sobriety tests.

"...the threshold for demonstrating an objectively reasonable suspicion necessary to justify a vehicle stop is low, in that 'reasonable articulable suspicion is considerably less that proof of wrongdoing by a preponderance of the evidence' (*State v. Porter, 2008 ME 175*) and need not rise to the level of probable cause." *State v. Sylvain, 2003 ME 5.* "The suspicion need only be more than speculation or an unsubstantiated hunch." *Porter, 2008 ME 175.* See *State v. LaForge, 43 A.3d 961.*

The defendant argues the articulable suspicion in these circumstances cannot be based upon an anonymous tip, citing *State v. LaFond, 802 A.2d 425.* The argument cannot prevail for two reasons. First, the identity of an anonymous tipster cannot be verified because he/she is truly anonymous. In the present case, the reporter of events is an identifiable person who can be identified as the night manager of the motel. Second, even with an anonymous person making the report of a possible violation of law, the suspicion may be justified if there is subsequent corroboration of the information. *LaFond, 802 A.2d 425.* See also *State v. Sampson, 669 A.2d 1326.* In the present case, the vehicles were stopped a short distance from the motel, a short time from the report and matched the description given by the manager.

The court is satisfied the officers had a reasonable articulable suspicion that two vehicles were on the highway at night while operated by intoxicated persons.

The entry will be: defendant's motion to suppress is DENIED.

October 4, 2017

JUSTICE, SUPERIOR COURT