STATE OF MAINE                          UNIFIED CRIMINAL COURT
KENNEBEC ss.                            AUGUSTA
                                        Docket No. CR-21-20148


STATE OF MAINE              )
                           )            ORDER ON MOTION TO SUPPRESS
v.                         )
                           )
                           )
VANESSA I. CAYFORD         )


A testimonial hearing was held on Defendant's Motion to Suppress on February 1, 2022. The State was represented by ADA Shannon Flaherty. Defendant was represented by Attorney Kurt Peterson.

Defendant seeks to suppress all of the evidence resulting from the stop of her vehicle. She alleges that the stop violated her Fourth Amendment rights because it was conducted without the requisite "reasonable articulable suspicion." While the Defendant concedes that RAS may be found where an officer has an objectively reasonable belief that a violation of a traffic law has occurred, the Defendant argues that here, there was in fact no objectively reasonable basis to believe the Defendant had violated a traffic law pursuant to the applicable statute at issue. The Court agrees.

The Court heard testimony from Officer Paul Heath of the Waterville Police Department, the officer who conducted the stop. He testified that on March 18, 2021 he began to follow a Black Mustang vehicle at approximately 8:12 AM in Waterville. There was no credible dispute that the sun had risen by this time and the stop occurred during daylight hours. Officer Heath could not recall the specific weather conditions and he could not recall how many feet he was located behind the Defendant's vehicle when he made the decision to pull her over.

The stated reason for the stop was Officer Heath's observation that the right-sided license plate light on the Mustang was not illuminated, and therefore the vehicle had a defect and was in violation of 29-A M.R.S. § 1909. At hearing, Officer Heath confirmed that the left-sided license plate light was in fact operable and working on the Mustang. The testimony was not clear whether Officer Heath was, regardless of the lighting, able to observe the rear registration plate of the Mustang for a distance of at least fifty (50) feet. Following the traffic stop, the Defendant made various inculpatory statements related to the status of her driver's license. The Defendant has since been charged with Operating after Suspension.

The standard governing automotive stops is well-established: In order to support a brief investigatory stop of a motor vehicle, a police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. The officer's suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances." *See, e.g., State v. Porter*, 2008 ME 175, ¶ 8, 960 A.2d 321, 323 (citing *State v. Sylvain*, 2003 ME 5, ¶ 11, 814 A.2d 984, 987).

The applicable statute at issue here, the alleged violation of which constitutes the stated grounds for the stop, is 29-A M.R.S. § 1909. The relevant portion of the statute states as follows:

> "A vehicle must have a white light capable of illuminating the rear registration plate so that the characters on the plate are visible for a distance of at least 50 feet."

Applying both the standard from caselaw and plain language of the statute to the facts at issue here, the Court finds that Officer Heath did not have an objectively reasonable belief that the Mustang was in violation of a traffic law. Put concisely, the evidence at hearing was clear that the Mustang had "*a* white light *capable*" of illuminating the vehicle's rear license plate, and as a result there could be no objectively reasonable belief that it was in violation of a traffic law. The Court need not reach the issue of whether Officer Heath could actually read the license numbers.

Accordingly, it is hereby ORDERED that Defendant's Motion to Suppress is GRANTED. The so-called "fruits" of the stop, including any inculpatory statements made by the Defendant are correspondingly suppressed.

DATED: 2-3-22

Sarah I. Gilbert
Unified Criminal Court Judge

2