**STATE of Maine**

v.

**Norman SEAVEY.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1989.

Decided Sept. 15, 1989.

R. Christopher Almy, Dist. Atty., Philip Worden (orally), Asst. Dist. Atty., Bangor, for State.

G. Bradley Snow (orally), Tanous & Snow, East Millinocket, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

The issue on this appeal is whether a police officer had grounds to stop a driver who failed to signal a right turn while the police officer, travelling in the opposite direction, was waiting to make a left turn at the same intersection. Concluding that the stop was justified, we affirm the judgment of the Superior Court.

At approximately 1:20 A.M. on a Saturday morning in early December of 1988, a Lincoln police officer, on patrol, was stopped at an intersection. Intending to make a left hand turn, he had activated his left turn signal. A vehicle travelling in the opposite direction approached him, then turned right without using a turn signal. There was no other traffic in the area. The police officer followed the vehicle and stopped it some 300 to 500 feet from the intersection to give the driver a written warning for failure to use a turn signal. As a result of the stop the defendant was charged with operating under the influence of intoxicating liquor. The District Court (Lincoln, *Calkins, J.*) denied his motion to

suppress. He appeals the judgment entered upon his conviction after a jury trial in the Superior Court (Penobscot County, *Beaulieu, J.*).

The statute in question, 29 M.R.S.A. § 1191 (1978), requires that no one may "turn any vehicle without giving an appropriate signal ... in the event any other traffic may be affected by such movement." Another provision states that a vehicle turning left "shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close to the intersection as to constitute an immediate hazard." 29 M.R.S.A. § 944–B (Pamph.1988). Since the police officer admits that under the latter statute the defendant had the right-of-way in the intersection, the defendant argues that he had no obligation to use his turn signal because the police officer was not traffic that "may be affected" by his turn.

We cannot improve upon the District Court's analysis of the relationship between the two statutes:

> The statute dealing with turn signals, 29 M.R.S.A. § 1191, requires the use of a turn signal for every turn "in the event any other traffic may be affected by such movement." Clearly, it was the intent of the Legislature to mandate the use of a turn signal any time any other vehicles might be affected by the turn. If there is no other traffic whatsoever, a turn signal is not required. Although it is true that most, if not all, Maine cases which have discussed the use of turn signals, usually in the context of a damages action, have dealt with the use of a turn signal when making a left turn, the statute clearly [e]nvisions the use of a signal for a right turn. See 29 M.R.S.A. § 1193.
>
> Anytime there is a vehicle waiting at an intersection a driver approaching that intersection from the opposite direction has a duty to use a turn signal if the driver intends to turn for the reason that the waiting vehicle may be affected by the turn. For example, the waiting driver upon seeing the turn signal will know that the oncoming vehicle will be slowing

down in order to turn and will be able to time his own turn or other action accordingly.

The issue is not whether this police officer's actions as a driver were in fact affected, but whether the defendant should have concluded that the police car was "other traffic [that] *may* be affected" (emphasis supplied). Clearly it was, as the District Court concluded. The police officer, therefore, was justified in stopping the defendant for failing to signal and the motion to suppress was properly denied.

The entry is:

Judgment affirmed.

All concurring.