STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
DOCKET NO. CR-14-1212

STATE OF MAINE,

*Plaintiff,*

v.

JEREMY GIARDELLO,

*Defendant.*

)
)
)
)
)
)
)
)
)

**ORDER ON MOTION
TO SUPPRESS**

This matter came before the court on Defendant's motion to suppress all evidence obtained as a result of the stop of his vehicle on November 28, 2014. The State appeared and was represented by ADA Frank Griffin. Defendant appeared and was represented by Jason Jabar, Esq. The court heard the testimony of Waterville Police Officer Tristan Russell and of Defendant's mother, Tammy Robinson. After hearing and upon consideration of the evidence, the court finds and orders as follows.

At 10:46 p.m. on November 28, 2014, Defendant was operating his truck on Main Street in Waterville. When first observed by the officer, Defendant was stopped in the right lane at the red traffic light at the intersection with Waterville Commons, heading north. Traffic was light. It had snowed approximately 10 inches the day before. The travel lanes were clear, but there was some packed snow and/or ice in the center of the 4-lane road as depicted in Defendant's Exhibits 2 and 3.

Officer Russell was only about a half car length behind Defendant. He watched Defendant spin his rear tires and then slowly pull forward when the light turned green.

1

Defendant did not create any smoke nor did he make noise in doing so.[1] Defendant pulled forward, then signaled and changed to the left lane. When he did so, he went too far left and crossed into the oncoming lane by a small amount, approximately a foot. He traveled there for no more than a couple of seconds and abruptly pulled back into the proper left travel lane. There was no evidence that there was any traffic in the oncoming lane, and certainly no evidence that his actions impeded or impacted any other vehicle. He proceeded without incident approximately 725 feet to the intersection with the Interstate 95 on-ramp. He turned left onto the on-ramp, where he was pulled over by Officer Russell. Defendant turned left onto the ramp without using a left turn signal. However, he was in a left-turn only lane and had a green light. There is no evidence of any oncoming traffic, or indeed of any traffic at that intersection other than the officer behind him.

The State argues that Defendant failed to properly use a turn signal and thus committed a traffic violation under 29-A M.R.S. § 2071(2)(A), justifying the stop. Even if he did not commit a violation, however, the State also argues that the totality of the circumstances gave rise to articulable suspicion justifying the stop. Defendant argues that he committed no traffic violation, and that his driving simply was not erratic or suspicious under the totality of the circumstances.

There is no question that a civil traffic violation provides adequate specific and articulable facts for a stop. *State v. Bolduc*, 1998 ME 255 ¶5. Such an infraction is not required, however. A police officer must have "an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur." *State v. Laforge*, 2012 ME 65, ¶8, 43 A.3d 961, quoting *State v. Porter*, 2008

---

[1] *See* 29-A M.R.S. § 2079, providing that "acceleration may not be unnecessarily made so as to cause a harsh and objectionable noise".

2

ME 175, ¶ 8, 960 A.2d 321. The State has the burden to prove that the stop was based on a reasonable and articulable suspicion.

### A. Whether Defendant committed a civil infraction

The issue is whether Defendant committed a traffic infraction when he failed to use a turn signal when turning left onto the highway ramp. Section 2071 of Title 29-A provides, in relevant part: "An operator may not turn a vehicle without giving an appropriate signal if other traffic may be affected by that movement." 29-A M.R.S. § 2071(2)(A).

In *State v. Seavey*, the Law Court construed the predecessor statute of section 2071. *State v. Seavey*, 564 A.2d 388 (Me. 1989). The Law Court held that the defendant had committed the traffic violation when, traveling in the opposite direction from the officer, defendant entered an intersection and turned right without using a signal. The officer intended to turn left at the same intersection and was the only traffic in the vicinity. The court affirmed and quoted the trial court's analysis:

> The statute dealing with turn signals, 29 M.R.S.A. § 1191, requires the use of a turn signal for every turn "in the event any other traffic may be affected by such movement." Clearly, it was the intent of the Legislature to mandate the use of a turn signal any time any other vehicles might be affected by the turn. If there is no other traffic whatsoever, a turn signal is not required.
>     . . . .
> The issue is not whether this police officer's actions as a driver were in fact affected, but whether the defendant should have concluded that the police car was "other traffic [that] may be affected" (emphasis supplied).

*Seavey*, 564 A.2d at 389. *Seavey* addressed a situation where there was an oncoming vehicle, and it is less clear that traffic may be affected if it is behind Defendant in a left turn-only lane. Nonetheless, although not binding, the U.S. District Court in Maine has held that a signal is still required.

In *United States v. Mercer*, the Magistrate Judge ruled that a turn signal is required in a dedicated turning lane even if the only traffic is behind Defendant in the same lane.

> In sum, *Seavey* suggests that, pursuant to section 2071(2)(A), a motorist must signal a turn unless there is no other traffic present. Even assuming, arguendo, that *Seavey* leaves the door open to a finding that there are circumstances when other traffic is present and might not be affected by the failure to signal a turn, that was not the case when the defendant made the turn at issue. As the government argued, traffic might have been affected had the defendant moved into the right-hand turning lane as he approached the intersection. Had he signaled left, he would have made his intention clear. In addition, a signal would have alerted drivers approaching from behind, whose view of both the intersection ahead and the left-hand turning signs on the roadway might have been obscured, that a turn was required.

*United States v. Mercer*, 2014 U.S. Dist. LEXIS 73398, 29 (D. Me. 2014), adopted in *United States v. Mercer*, 2014 U.S. Dist. LEXIS 72976 (D. Me., May 29, 2014). While the ruling in *Mercer* is not binding on this court[2], it is a persuasive reading of *Seavey*. This court finds that Mr. Giardello committed a civil infraction when he failed to signal his turn, and that is sufficient justification for the stop.


*B.      Reasonable, articulable suspicion that criminal conduct was occurring*

Even if Defendant did not commit a civil infraction, the stop is constitutional if there is objectively reasonable suspicion that criminal activity is involved.

Defendant argues that this case is analogous to and controlled by *State v. Caron*, 534 A. 2d 978 (Me. 1987). There, the trooper pulled the defendant over when he observed a "single, brief straddling of the center line of the undivided highway, with no oncoming traffic in sight and no vehicles passing on the left, not constituting a violation of any traffic law". *Id.* at 979.

---

[2] The Mercer holding on this issue was also not necessary to the decision because the court found other bases for the vehicular stop in the case.

The Law Court reversed the finding of the motion judge that the stop was justified, stating the finding was clear error.

> The observation, even when taken with all rational inferences that can be drawn from it, did not give rise to an objectively reasonable suspicion that criminal activity was involved. A vehicle's brief, one time straddling of the center line of an undivided highway is a common occurrence and, in the absence of oncoming or passing traffic, without erratic operation or other unusual circumstances, does not justify an intrusive stop by a police officer. Otherwise, we would sanction stops on mere hunch or speculation.

*Caron*, 534 A. 2d at 979. Mr. Giardello did more than a single brief straddling of the centerline, however; he also spun his tires when starting slowly from a stop, and then failed to use a signal when turning. Indeed, the Law Court has repeatedly distinguished *Caron* and held that stops were justified, sometimes as a matter of law. *See State v. Laforge*, 2012 ME 65, 43 A.3d 961 (Articulable suspicion present as a matter of law where officer saw 3 groups of line violations over 4 miles: Defendant drove onto centerline twice, crossed fog line with his passenger-side tires twice, and crossed the centerline with driver-side tires twice more.) *State v. Lafond*, 2002 ME 124, 802 A.2d 425 (straddle of centerline plus an anonymous tip with sufficient specificity that the vehicle could be located is sufficient articulable suspicion.) *State v. Dulac*, 600 A.2d 1121, 1123 (Me. 1992) (one extremely wide turn where portion of vehicle leaves paved road surface and passes onto snow is erratic driving upon which stop may be based.) *See also State v. Pinkham*, 565 A. 2d 318 (Me. 1989) (defendant's misuse of the marked lanes, by going straight in right-turn only lane, can justify stop for safety purposes to advise of his improper use of intersection.)

In this case, Defendant spun his wheels when starting from a stop, went over into the oncoming lane when he changed lanes, and then failed to signal his left turn. This all occurred in

a distance of about two city blocks. Taken as a whole, these erratic actions gave rise to sufficient reasonable suspicion that criminal activity was occurring, and the vehicle stop was constitutional.

For the foregoing reasons, the Motion to Suppress is denied.

This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).


Dated: July 15, 2015

Valerie Stanfill
Judge, Maine District Court,
Sitting by designation

STATE OF MAINE
  vs
JEREMY  GIARDELLO
444 PEQUOT AVE
WARWICK RI 02889

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2014-01212

**DOCKET RECORD**

DOB: 03/23/1981
Attorney: JASON JABAR
        JABAR BATTEN RINGER & LALIBERTY
        ONE CENTER STREET
        WATERVILLE ME 04901-5425
        RETAINED 12/22/2014

State's Attorney: MAEGHAN MALONEY

## Charge(s)

1   OUI (ALCOHOL)-NO TEST, 2 PRIORS          11/28/2014 WATERVILLE
Seq 12954 29-A  2411(1-A)(C)(3)        Class C
  RUSSELL          / WAT

2.  OPERATING WHILE LICENSE SUSPENDED OR     11/28/2014 WATERVILLE
  REVOKED
Seq 9888  29-A  2412-A(1-A)(A)       Class E  Charged with COMPLAINT on Suppleme
  RUSSELL          / WAT

## Docket Events:

12/03/2014 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 12/03/2014

12/03/2014 Charge(s): 1
        HEARING -  INITIAL APPEARANCE SCHEDULED FOR 02/10/2015 at 08:30 a.m.

        NOTICE TO PARTIES/COUNSEL
12/04/2014 BAIL BOND - $1,500.00 UNSECURED BAIL BOND FILED ON 12/03/2014

        Bail Amt:  $1,500
        Date Bailed: 11/29/2014
12/22/2014 Party(s):  JEREMY GIARDELLO
        ATTORNEY -  APPOINTED ORDERED ON 12/22/2014

        Attorney:  JASON JABAR
12/22/2014 Party(s):  JEREMY GIARDELLO
        ATTORNEY -  RETAINED ENTERED ON 12/22/2014

        Attorney:  JASON JABAR
12/22/2014 Charge(s): 1
        HEARING -  INITIAL APPEARANCE NOTICE SENT ON 12/22/2014

02/03/2015 Charge(s): 1,2
        SUPPLEMENTAL FILING -  COMPLAINT FILED ON 02/03/2015

02/10/2015 Charge(s): 1
        HEARING -  INITIAL APPEARANCE HELD ON 02/10/2015
        ANDREW M HORTON , JUDGE
        Defendant Present in Court
02/10/2015 Charge(s): 1,2

PLEA - NO ANSWER ENTERED BY DEFENDANT ON 02/10/2015

02/10/2015 BAIL BOND - $1,500.00 UNSECURED BAIL BOND AMENDED ON 02/10/2015
ANDREW M HORTON , JUDGE
NOT TO POSSESS ANY ILLEGAL DRUGS OR ALCOHOLIC BEVERAGES                    SUBMIT TO
SEARCH AND TEST AT ANY TIME                                        NOT TO OPERATE A MOTOR
VEHICLE UNLESS LAWFULLY LICENSED TO DO SO
Date Bailed: 11/29/2014

02/10/2015 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 03/18/2015 at 08:30 a.m.

02/10/2015 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/10/2015

03/19/2015 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 03/18/2015

03/19/2015 HEARING - DISPOSITIONAL CONFERENCE HELD ON 03/18/2015

03/19/2015 Charge(s): 1,2
HEARING - ARRAIGNMENT SCHEDULED FOR 05/04/2015 at 08:30 a.m. in Room No.  1

03/19/2015 Charge(s): 1,2
HEARING - ARRAIGNMENT NOTICE SENT ON 03/19/2015

04/29/2015 Charge(s): 1,2
SUPPLEMENTAL FILING - INDICTMENT FILED ON 04/24/2015

05/05/2015 Charge(s): 1,2
HEARING - ARRAIGNMENT HELD ON 05/04/2015
EVERT FOWLE , JUDGE
READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS

05/05/2015 Charge(s): 1,2
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 05/04/2015

05/05/2015 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 08/06/2015 at 10:00 a.m. in Room No.  1

05/05/2015 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 05/05/2015

05/19/2015 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/12/2015 at 08:30 a.m. in Room No.  1

NOTICE  TO PARTIES/COUNSEL
05/19/2015 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 05/19/2015

06/04/2015 HEARING - MOTION TO SUPPRESS NOT HELD ON 06/04/2015

06/08/2015 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 06/08/2015

06/08/2015 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/25/2015 at 08:30 a.m. in Room No.  3

NOTICE  TO PARTIES/COUNSEL
06/08/2015 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 06/08/2015

06/10/2015 HEARING - MOTION TO SUPPRESS NOT HELD ON 06/10/2015

06/10/2015 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/26/2015 at 08:30 a.m. in Room No. 3

        NOTICE TO PARTIES/COUNSEL
06/10/2015 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 06/10/2015

07/07/2015 HEARING - MOTION TO SUPPRESS HELD ON 06/26/2015
        VALERIE STANFILL , JUDGE
        Attorney: JASON JABAR
        DA: TRACY DEVOLL
        Defendant Present in Court
07/07/2015 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 06/26/2015
        VALERIE STANFILL , JUDGE
07/17/2015 MOTION - MOTION TO SUPPRESS DENIED ON 07/15/2015
        VALERIE STANFILL , JUDGE
        COPY TO PARTIES/COUNSEL
07/17/2015 ORDER - COURT ORDER FILED ON 07/15/2015
        VALERIE STANFILL , JUDGE
        ORDER ON MOTION TO SUPPRESS                    COPY SENT TO
        PARTIES
07/17/2015 ORDER - COURT ORDER ENTERED ON 07/15/2015

A TRUE COPY *Michele Lumbert*
ATTEST: _____
                  Clerk