2000 ME 168

**STATE of Maine**

v.

**Alan WEBBER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 14, 2000.

Decided: Oct. 3, 2000.

David W. Crook, Dist. Atty., Janice Stuver, Asst. Dist. Atty., Skowhegan, for the State.

Janet Mills, Wright & Mills, Skowhegan, for the defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS. JJ.

CALKINS, J.

[¶ 1] The State appeals the order of the District Court (Skowhegan, *Clapp, J.*) granting Alan Webber's motion to suppress all evidence resulting from a police stop of Webber's vehicle. The State contends that the court erred in suppressing the evidence obtained by the police as a result of the stop and in ruling that a broken or missing rear brake light did not give the police a justifiable basis to stop Webber's vehicle. We vacate the suppression order.

[¶ 2] On June 17, 1999, in the afternoon, Officer Anderson of the Fairfield Police Department investigated a complaint from a citizen that two unidentified men appeared to be smoking marijuana in a black pickup truck in a parking lot across the street from the citizen's residence. While driving her cruiser to the parking lot to investigate the citizen's complaint, Anderson received an update that the black pickup was heading toward town. About half a mile from the parking lot Anderson passed a black pickup with two male occupants heading away from the parking lot.

[¶ 3] After the black pickup passed by Anderson, Anderson looked in her rear view mirror and saw that when the driver applied the brakes, only one of the rear brake lights was illuminated. Anderson

turned the cruiser around and stopped the black pickup. The trial court found that Anderson stopped the pickup solely because of inadequate brake lights.[1]

[¶ 4] Anderson asked Webber, the operator of the black pickup, for his license and other papers, and Webber replied that he did not have a license. There was no indication that anyone had been smoking marijuana. Webber was charged with the Class E offense of operating after suspension in violation of 29–A M.R.S.A. § 2412–A (1996 & Supp.1999).

[¶ 5] Webber filed a motion to suppress all evidence obtained by Anderson on the ground that the stop of his vehicle was made without any objectively reasonable and articulable suspicion of unlawful activity.[2] After hearing and after giving the State and Webber an opportunity to provide the court with written argument, the court granted Webber's motion and held that Anderson was not justified in stopping the vehicle for inadequate brake lights because there is no requirement that a motor vehicle have two operating brake lights. The court held that there is no statute requiring vehicles to show more than one red light when braking. The court rejected the State's argument that the Chief of the State Police has the authority to promulgate a rule requiring two brake lights. The court concluded that Anderson had no justifiable basis to stop the vehicle and ordered that all evidence obtained by Anderson be suppressed.

■ [¶ 6] The State was unable to furnish the trial court any statute expressly requiring vehicles to have two or more working brake lights. The provision that vehicles be equipped with two rear lights does not appear to apply to brake lights. *See* 29–A M.R.S.A § 1905 (1996). The State argued, however, that regulations promulgated by the Chief of the State Police require more than one brake lamp. *See* Maine Motor Vehicle Inspection Manual, Rev.1998, § 2(I)(3)(b)(III)(BB), p. 2–22.

■ [¶ 7] The violation of a traffic infraction witnessed by a police officer is sufficient justification for the stop of the vehicle. *State v. Taylor,* 1997 ME 81, ¶ 9, 694 A.2d 907, 909 (holding stop for inadequate illumination of plate light justified); *State v. Seavey,* 564 A.2d 388, 389 (Me. 1989) (holding failure to use turn signal sufficient basis for stop). A traffic infraction is any violation of any provision of Title 29–A of the Maine Revised Statutes Annotated or of any rule promulgated under the authority of Title 29–A (except those violations expressly defined as crimes). 29–A M.R.S.A. § 101(85) (1996). The Chief of the State Police has general rule-making authority, pursuant to 29–A M.R.S.A. § 1769 (1996 & Supp.1999), to adopt rules for the inspection of vehicles, and specific statutory authority to adopt rules "governing the adjustment, use and operation of lights on vehicles." 29–A M.R.S.A. § 1910 (1996). The Chief promulgated the Maine Motor Vehicle Inspection Manual. The Manual establishes a regulatory inspection requirement that original lights or their equivalent replacements be present and functioning. Maine

1. The trial court stated, "[T]he sole articulated reason for the stop was that the officer believed that the vehicle showed an inadequate stop signal under Maine law." The State argues that the trial court erred in this finding in that Anderson testified that she stopped the vehicle for an inoperative brake light and because the vehicle fit the description given by the citizen. The State argued before the trial court and before us that Anderson's second reason was sufficient to justify the stop. We do not reach this argument as we conclude that the inoperative brake light provides a justifiable basis for the stop.

2. Webber's written motion to suppress contains the additional ground that the stop was pretextual. He did not argue this ground in the trial court, and he has not argued the issue of a pretextual stop on appeal. The issue of a pretextual stop has not been preserved. *See State v. Barlow, Jr.,* 320 A.2d 895, 898 (Me.1974) (stating that issues neither briefed nor argued on appeal are deemed waived and abandoned).

Motor Vehicle Inspection Manual, Rev. 1998, § 2(I)(1), p. 2–19. It also refers to stop lamps in the plural and requires that stop lamps emit a red light. *Id.* at § 2(I)(3)(b)(III)(BB), p. 2–22.

 [¶ 8] Webber argues that any rule requiring two functioning brake lights is invalid as the result of an unconstitutional delegation of authority by the Maine Legislature. He asserts that an agency rule cannot require more equipment on a vehicle than the statute requires. He does not suggest that the pertinent rules in the Manual are inconsistent with any inspection or equipment statute, but he contends that because there is no statute requiring two or more functioning brake lights, the rule must fall. This argument is not persuasive. In the first place, the rules promulgated by the Chief of the State Police are considered substantive rules, which by statute, are required to be approved by the Maine Legislature. 29–A M.R.S.A. § 1769(2) (Supp.1999); 5 M.R.S.A. § 8072 (Pamph.1999). Secondly, the entire statutory scheme governing motor vehicles provides sufficient declaration of policy and standards to guide the Chief of the State Police and to protect against arbitrariness. *See State v. Dube,* 409 A.2d 1102, 1104–07 (Me.1979) (holding rule requiring commercial vehicle drivers to be age 21 or older not an unconstitutional delegation to administrative agency and affirming criminal conviction for violating rule); *State v. Boynton,* 379 A.2d 994, 995 (Me.1977) (affirming conviction for violation of municipal shellfish ordinance and holding ordinance not unconstitutional delegation of legislative authority).

[¶ 9] Because of the rules requiring stop lamps to emit a red light and requiring that a vehicle's original lights or their equivalent replacements be present and functioning, Anderson was justified in stopping Webber when she saw that one of the brake lights was not functioning.

The entry is:

Suppression Order vacated and case remanded to the District Court for further entry of order denying motion to suppress.