MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2013 ME 73
Docket:       Han-12-584
Submitted
 On Briefs:   July 17, 2013
Decided:      August 1, 2013

Panel:        SAUFLEY, C.J., and LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

## STATE OF MAINE

v.

## ROBERT O. SPIEGEL JR.

SAUFLEY, C.J.

[¶1]   Robert O. Spiegel Jr. appeals from a judgment of conviction of aggravated operating after habitual offender revocation (Class D), 29-A M.R.S. § 2558(1), (2)(A) (2012); operating after habitual offender revocation (Class D), 29-A M.R.S. § 2557-A(1), (2)(A) (2012); and criminal OUI (Class D), 29-A M.R.S. § 2411(1-A)(A) (2012), entered by the court (*A. Murray, J.*) upon his entry of a conditional guilty plea.  Spiegel argues that (1) the court erred in denying his motion to suppress because the officer lacked an objectively reasonable suspicion for stopping his vehicle and (2) the court violated his due process rights by denying his motion to dismiss the charges arising from operating after revocation.  We affirm the judgment.

## I. BACKGROUND

[¶2] On March 17, 2011, at 12:30 a.m., a Bar Harbor Police Department officer observed a vehicle traveling on Route 3 toward Otter Creek at a rate of thirty miles per hour in a thirty-five-mile-per-hour zone. The officer observed the vehicle "continuously weaving" in the lane of travel, and the vehicle's tires hit the double yellow line in the center of the road. The vehicle accelerated to forty miles per hour when it reached a fifty-mile-per-hour zone. The vehicle hit the center line again, and when the vehicle slowed, a brake light in the rear window of the car was not working properly. The officer activated the cruiser's emergency lights and, after a few tenths of a mile, activated a spotlight. The vehicle pulled over to a stop after driving several hundred feet further.

[¶3] The driver identified himself to the officer as Spiegel. He had bloodshot, watery eyes and admitted that he had consumed alcohol but stated that he had done so earlier in the day. The officer discovered that Spiegel's license had been revoked, and he placed Spiegel under arrest. The officer found an open container of alcohol between the console and the passenger seat in the vehicle. When the officer placed Spiegel inside the cruiser, the officer could smell the strong odor of alcohol on Spiegel's breath.

[¶4] Spiegel was charged with three crimes: (1) aggravated operating after habitual offender revocation (Class C), 29-A M.R.S. § 2558(2)(B) (2012);

(2) operating after habitual offender revocation (Class C), 29-A M.R.S. § 2557-A(2)(C) (2012); and (3) criminal OUI (Class C), 29-A M.R.S. § 2411(1-A)(B)(2) (2012).  Spiegel moved to suppress the evidence discovered through the officer's stop of his vehicle and to strike two prior convictions alleged in the OUI charge that had also given rise to his habitual offender status and resulted in his license revocation.

[¶5]  After an evidentiary hearing, the court denied his motion to suppress. The court (*Anderson, J.*) then granted the motion to strike based on a determination that Spiegel had pleaded guilty to the earlier charges without validly waiving his right to counsel.

[¶6]  Based on Justice Anderson's ruling, Spiegel then moved to dismiss the two counts arising from operation after revocation, arguing that he should be permitted to challenge the Secretary of State's designation of him as a habitual offender through a motion in a criminal trial to preserve his due process rights. The court (*A. Murray, J.*) denied the motion to dismiss as an improper collateral attack on the underlying administrative determination.

[¶7]  Spiegel, who had a blood alcohol level of 0.17% at the time of the offense, entered a conditional guilty plea to Class D offenses for each of the

4

charged crimes.[1] He was sentenced to six months' imprisonment for the two counts arising from operating after revocation, which the court considered to have merged for purposes of sentencing, and two days on the criminal OUI conviction to be served concurrently. Spiegel was also directed to pay fines and surcharges of about $1300, and his license was suspended for ninety days. Spiegel has timely appealed from the judgment of conviction, *see* 15 M.R.S. § 2115 (2012), and his sentence has been stayed pending appeal.

## II. DISCUSSION

A.   Motion to Suppress

[¶8]   At the outset, we conclude that the record supports the finding and conclusion that the officer who stopped the vehicle that Spiegel was operating had a subjective and objectively reasonable suspicion that the operator of the vehicle was operating while under the influence of intoxicants. *See State v. Sylvain*, 2003 ME 5, ¶¶ 8, 9, 14, 814 A.2d 984; *see also* 29-A M.R.S. § 2411(1-A)(A). Whether or not a functioning center brake light was required by law,[2] the officer had

---

[1]   Although Spiegel conditionally pleaded guilty to three Class D crimes, the docket entries report convictions of the originally charged Class C offenses.

[2]   *See* 29-A M.R.S. § 1905(1) (2012) (requiring, on the rear of a vehicle with three or more wheels, "2 lights, one on each side of the axis, each capable of displaying a red light visible for a distance of at least 100 feet behind the vehicle"); *but see State v. Webber*, 2000 ME 168, ¶¶ 6-9, 759 A.2d 724 (holding that a violation of the Maine Motor Vehicle Inspection Manual's requirement of functioning brake lights could justify a traffic stop); Maine Motor Vehicle Inspection Manual 16-222, ch. 1, § 170.01(9)(A)(1) (effective Dec. 15, 2006) (requiring that any installed optional auxiliary lighting "function properly or be removed") (repealed and replaced by Maine Motor Vehicle Inspection Manual 16-222, ch. 1,

indicators that the driver was operating while under the influence of intoxicants. Specifically, he observed that the vehicle was moving slowly given the speed limit and road conditions, and that it was continuously weaving and twice struck the center line. These observable facts were sufficient to supply an objectively reasonable basis for the officer's suspicion that the operator of the vehicle was driving while under the influence of intoxicants. *See State v. LaForge*, 2012 ME 65, 43 A.3d 961. The court did not err in denying Spiegel's motion to suppress.

B.    Motion to Dismiss

[¶9]  Spiegel also challenges the court's denial of his motion to dismiss the charges of aggravated operating after habitual offender revocation and operating after habitual offender revocation. Spiegel had successfully challenged the allegations in the indictment that he had two prior OUI convictions, arguing that the two convictions were the result of uncounseled pleas taken in circumstances where he had not effectively waived the right to counsel. The motion court reviewed the transcripts of the challenged pleas and determined that Spiegel's waiver of counsel was not effective. The court, accordingly, struck the assertion of the two prior convictions from the OUI charge in the indictment and from the

---

§ 170.01(9)(A)(1) (effective June 20, 2012) (providing that auxiliary lights "installed as optional equipment by the manufacturer are not required to function")).

charges of operating after revocation to the extent that the allegation of the two convictions elevated the crimes to Class C offenses.

[¶10] Spiegel then moved to dismiss the two operating after revocation charges, arguing that they were no longer valid charges because his license suspension was based on the previous convictions that had been stricken from the OUI and operating after revocation charges. The court correctly concluded that, although Spiegel had a right to collaterally attack the prior convictions based on a violation of the Sixth Amendment right to counsel, *see State v. Johnson*, 2012 ME 39, ¶ 23, 38 A.3d 1270, Spiegel had no right, in defending against the new criminal charges, to collaterally challenge the administrative license revocation and habitual offender determination upon which the charges of operating after revocation were based, *see State v. O'Neill*, 473 A.2d 415, 417-19 (Me. 1984); *see also State v. St. Hilaire*, 543 A.2d 824, 826-27 (Me. 1988); *Clark v. Sec'y of State*, 483 A.2d 708, 709-10 (Me. 1984).

[¶11] Neither we nor the United States Supreme Court has ever held that an uncounseled conviction is "invalid for all purposes." *O'Neill*, 473 A.2d at 418. Once the Secretary of State has revoked a license to operate a motor vehicle in Maine, that revocation prohibits the operation of a motor vehicle unless the license holder successfully appeals from the administrative determination. *See* 29-A M.R.S. § 2485(5) (2012); *see also* 29-A M.R.S. § 2553(3) (2012). Spiegel's crime

occurred when he operated a motor vehicle in direct contravention of the Secretary of State's determination that he was not eligible to drive. *See St. Hilaire*, 543 A.2d at 826-27; *see also* 29-A M.R.S. §§ 2557-A, 2558 (2012). Driving while intoxicated with a blood alcohol level in excess of 0.08% led to the aggravated operating after habitual offender revocation charge. Absent a direct, timely, and successful challenge to the license revocation and habitual offender classification of the Secretary of State, *see* 29-A M.R.S. §§ 2485(5), 2553(3), both the revocation and the classification remained valid. *O'Neill*, 473 A.2d at 417-19.

[¶12] Thus, to be clear, a violation of the Sixth Amendment right to counsel provides a basis for a collateral attack on a criminal conviction that is alleged either as an element of the newly charged crime or as a sentence enhancement. *See Johnson*, 2012 ME 39, ¶¶ 10, 12, 23, 38 A.3d 1270. Even when a conviction has been stricken on that basis, however, a license suspension, license revocation, or habitual offender classification predicated on that conviction remains valid and enforceable through criminal sanctions unless the suspension, revocation, or classification is timely and successfully appealed and is set aside *before* the motor vehicle operation at issue. *See O'Neill*, 473 A.2d at 417-19; *see also* 29-A M.R.S. §§ 2485(5), 2553(3).

[¶13]  The court did not err in declining to dismiss the charges of aggravated operating after habitual offender revocation and operating after habitual offender revocation.

The entry is:

> Judgment affirmed.  Docket entries to be modified to accurately report convictions of aggravated operating after habitual offender revocation (Class D), 29-A M.R.S. § 2558(1), (2)(A); operating after habitual offender revocation (Class D), 29-A M.R.S. § 2557-A(1), (2)(A); and criminal OUI (Class D), 29-A M.R.S. § 2411(1-A)(A).

---

**On the briefs:**

Robert Van Horn, Esq., Ellsworth, for appellant Robert O. Spiegel Jr.

Carletta M. Bassano, District Attorney, and Mary N. Kellett, Asst. Dist. Atty., Prosecutorial District No. VII, Ellsworth, for appellee State of Maine