MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2015 ME 153
Docket:       Pis-15-141
Argued:       October 7, 2015
Decided:      November 24, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
              HUMPHREY, JJ.

STATE OF MAINE

v.

JAMES D. MORRISON

GORMAN, J.

[¶1]   James D. Morrison appeals from a judgment of conviction for operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A) (2014), entered in the Unified Criminal Docket (Piscataquis County, *Anderson, J.*) on his conditional plea of nolo contendere.  Morrison contends that the suppression court (*Stitham, J.*) erred in denying his motion to suppress evidence obtained as a result of a stop of his vehicle and after his arrest.  We affirm the judgment.

I.  BACKGROUND

[¶2]  On April 16, 2014, the State charged Morrison by criminal complaint with operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A), stemming from an incident on March 9, 2014, in which police stopped Morrison's vehicle in Dover-Foxcroft.  Morrison pleaded not guilty to the charge and moved

to suppress evidence generated from the stop of his vehicle and his subsequent arrest and Intoxilyzer test. After a hearing, the court made the following findings of fact, which are supported by competent evidence in the suppression record.

[¶3] A police officer for the Town of Dover-Foxcroft observed a vehicle weaving back and forth and crossing the center of the road. As it neared the crest of a hill, the entire vehicle crossed the centerline and moved into the opposite lane, creating a safety issue. Although the road had potholes, the officer did not believe that they could account for all of the vehicle's irregular movements. After stopping the vehicle, the officer noticed an odor of alcohol coming from the driver, Morrison, and observed that Morrison's eyes were bloodshot and droopy and that his speech was "thick." Morrison admitted to the officer that he had had two beers earlier that night, and he also failed to correctly complete one of three field sobriety tests.

[¶4] Based on these findings, the court denied Morrison's motion to suppress. Morrison entered a conditional plea of nolo contendere pursuant to M.R.U. Crim. P. 11(a)(2), and the court (*Anderson, J.*) entered a judgment convicting him of the charge and sentencing him to forty-eight hours in jail, a $500 fine, and a 150-day license suspension. Morrison appeals.

## II. DISCUSSION

[¶5]  Morrison challenges the court's refusal to suppress evidence from both the stop of his vehicle and his arrest and Intoxilyzer test.  When a defendant in a criminal matter challenges the denial of his motion to suppress evidence on appeal, "we review the factual findings underlying the trial court's ruling for clear error and the court's legal conclusions de novo."  *State v. Cote*, 2015 ME 78, ¶ 9, 118 A.3d 805.  We "will uphold the court's denial of a motion to suppress if any reasonable view of the evidence supports the trial court's decision."  *State v. Diana*, 2014 ME 45, ¶ 11, 89 A.3d 132 (quotation marks omitted).

[¶6]  Pursuant to the United States and Maine Constitutions, "[i]n order to support a brief investigatory stop of a motor vehicle . . . a police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur."  *State v. Sylvain*, 2003 ME 5, ¶ 11, 814 A.2d 984 (footnote omitted); *see* U.S. Const. amend. IV; Me. Const. art. I, § 5.

[¶7]  Here, competent evidence in the suppression record supports the court's findings that Morrison's vehicle was weaving and that Morrison created a "safety issue" when, near the crest of a hill, he drove completely into the opposite lane of traffic.  Morrison argues that he was simply avoiding potholes on rough Maine roads in March and that, therefore, his erratic operation of his vehicle

4

presented an insufficient reason to stop him. The trial court addressed Morrison's argument, correctly and succinctly noting that, "if there are alternate explanations . . . for what the officer observed, in terms of what took place that night, etcetera, that certainly can come out at the trial." Morrison, however, chose not to allow a fact-finder to determine whether his operation was due to impairment or rough roads, and we have held in a number of cases that similar erratic operation gave rise to objectively reasonable and articulable suspicion. *See, e.g.*, *State v. Laforge*, 2012 ME 65, ¶¶ 3-13, 43 A.3d 961; *State v. Porter*, 2008 ME 175, ¶¶ 10-12, 960 A.2d 321; *State v. Pelletier*, 541 A.2d 1296, 1297 (Me. 1988). We have also made clear that "[s]afety reasons alone can be sufficient if they are based upon specific and articulable facts." *State v. Pinkham*, 565 A.2d 318, 319 (Me. 1989) (quotation marks omitted). Even where conditions were rough on a Maine road in early March, it was objectively reasonable for the officer to suspect both criminal conduct and a threat to public safety when he observed Morrison's vehicle weaving and then actually traveling on the wrong side of the road.[1] The court therefore did not err in concluding that the traffic stop was based on reasonable articulable suspicion.

---

[1] Nor are we persuaded by Morrison's argument that the stop was pretextual simply because the officer was on an "OUI detail." *See State v. Izzo*, 623 A.2d 1277, 1280 (Me. 1993).

[¶8]  Morrison also argues that even if the stop was permissible, the officer did not have probable cause to arrest him and subject him to an Intoxilyzer test. "Probable cause to arrest exists whenever facts and circumstances within the knowledge of the police and of which there was reasonably trustworthy information would warrant a prudent and cautious person to believe that the arrestee had committed the crime."  *State v. Candage*, 549 A.2d 355, 360 (Me. 1988); *see also State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976 ("For there to be probable cause to arrest someone for operating under the influence . . . an officer must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink."

[¶9]  The officer stopped Morrison after watching the erratic operation of his vehicle.  Then, when he spoke with Morrison, the officer noticed an odor of alcohol coming from Morrison, observed that his eyes were bloodshot and droopy, and heard that his speech was "thick."  Morrison also admitted to drinking earlier that evening, and failed to successfully complete one of three field sobriety tests. This evidence was sufficient to establish probable cause.  *See Webster*, 2000 ME 115, ¶ 9, 754 A.2d 976.

The entry is:

Judgment affirmed.

**On the briefs:**

Ezra A. R. Willey, Esq., Willey Law Offices, Bangor, for appellant James D. Morrison

R. Christopher Almy, District Attorney, and Tracy Collins, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine


**At oral argument:**

Ezra A. R. Willey, Esq., for appellant James D. Morrison

Tracy Collins, Asst. Dist. Atty., for appellee State of Maine

Piscataquis County Unified Criminal Docket docket number CR-2014-160
FOR CLERK REFERENCE ONLY