MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 49
Docket:        Lin-15-196
Argued:        February 9, 2016
Decided:       April 5, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.

## STATE OF MAINE

v.

## HERBERT R. SIMMONS SR.

HUMPHREY, J.

[¶1]   This appeal raises the question of whether a game warden's uncontroverted observation of a vehicle making an "unnecessarily" wide right turn partially into the oncoming travel lane of an intersecting roadway can support the suppression court's finding that the warden had the reasonable articulable suspicion necessary to stop the vehicle.

[¶2]   Herbert R. Simmons Sr. appeals from a judgment of conviction for operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A) (2015), entered in the District Court (Wiscasset, *Billings, J.*) on his conditional guilty plea. Simmons contends that the suppression court (*Powers, J.*) erred in denying his motion to suppress evidence obtained from the warden's stop of his vehicle. We find no error and affirm the judgment.

## I.  BACKGROUND

[¶3] Simmons moved to suppress evidence stemming from the stop of his vehicle by a game warden.  Following a hearing, the court found that the warden stopped Simmons's vehicle after seeing it approach "very close by" the warden's vehicle and then make a right turn, "unnecessarily wide into the approaching lane of another road."  The court articulated no other specific findings for that conclusion, but because none were requested, *see* M.R. Crim. P. 41A(d),[1] "we will infer that the court found all the facts necessary to support its judgment if those inferred findings are supportable by the evidence in the record."  *State v. Jones*, 2012 ME 126, ¶ 29, 55 A.3d 432 (quotation marks omitted).[2]

[¶4]  Viewed in a light most favorable to the court's decision, competent evidence in the motion record supports the court's express and inferred findings.  *See State v. Bryant*, 2014 ME 94, ¶ 2, 97 A.3d 595; *Jones,* 2012 ME 126, ¶ 29, 55 A.3d 432.

[¶5]  The game warden, the only witness at the suppression hearing, testified to the following:  At approximately 5:20 in the afternoon on

---

[1]  This case predates the Maine Rules of Unified Criminal Procedure, but Maine Rule of Criminal Procedure 41A(d) is identical to the new rule except that "Unified Criminal Docket" replaces references to the "criminal docket."

[2]  Rule 41A(d) requires that, whenever a motion to suppress "is granted or denied, the court *shall* make findings of fact and conclusions of law either on the record or in writing.  If the court fails to make such findings and conclusions, a party may file a motion seeking compliance with the requirement." (Emphasis added.)

Saturday, August 23, 2014, he was driving southbound on Route 220 in Waldoboro near its intersection with Finntown Road. He observed a vehicle traveling northbound toward him on the same road. As the warden approached the mouth of the intersection of Route 220 and Finntown Road, he observed the vehicle execute a "wide" right-hand turn onto Finntown Road, "right in front of him."

[¶6] Finntown Road accommodates two-way traffic. Although the warden was unsure of whether the road had a centerline, he testified that the other vehicle went into the oncoming travel lane of Finntown Road by "half a vehicle width" while executing the turn. He also testified that he is familiar with the intersection; that Finntown Road is "extra wide" at that point; and that it is "a real busy intersection," though he did not recall seeing any other vehicles at the time. The warden pulled onto Finntown Road, stopped the other vehicle because it had made a wide turn and was traveling in the wrong lane, and subsequently charged its driver, Herbert Simmons Sr., with operating under the influence.[3]

[¶7] During closing arguments by counsel for Simmons and the State, the court discussed which traffic violations and safety concerns may have been implicated by Simmons's conduct. The court then concluded, based on the evidence presented, that the warden had reasonable articulable suspicion, "more

---

[3] After the stop, Simmons participated in field sobriety tests and then accompanied the warden to the police department where he submitted to an intoxilyzer test to determine his blood alcohol content.

4

than just a hunch," to stop Simmons's vehicle because the turn onto Finntown Road was "inappropriate." The court also observed that, even though the wide turn and entry into the other lane was "harmless" because no other vehicles were in Simmons's path, it would not necessarily be harmless under other circumstances. Following the denial of his motion to suppress, Simmons entered a conditional plea of guilty for operating under the influence and was sentenced to forty-eight hours in jail, a $700 fine, and a 150-day license suspension. Simmons timely appealed to us.

## II. DISCUSSION

[¶8]  "A stop is justified when an officer's assessment of the existence of specific and articulable facts indicating a possible violation of law or a public safety risk is objectively reasonable considering the totality of the circumstances." *State v. Connor*, 2009 ME 91, ¶ 10, 977 A.2d 1003. "[W]e review de novo the motion court's conclusion that the officer's subjective suspicion was objectively reasonable as a matter of law." *State v. McPartland*, 2012 ME 12, ¶ 12, 36 A.3d 881. "[T]he threshold for demonstrating an objectively reasonable suspicion necessary to justify a vehicle stop is low. . . . The suspicion need only be more than a speculation or an unsubstantiated hunch." *State v. LaForge*, 2012 ME 65, ¶ 10, 43 A.3d 961 (citations omitted) (quotation marks omitted).

[¶9]  The motion record supports the court's conclusion that the warden had a reasonable articulable suspicion that Simmons had committed a traffic violation.[4] We discern no error in the court's determination that the warden's subjective suspicion was objectively reasonable under the circumstances.

[¶10]  Title 29-A M.R.S. § 105(1)(B) (2015) permits an officer in uniform to stop a motor vehicle to issue the appropriate written process for a traffic infraction if the officer has a reasonable and articulable suspicion that a violation of law has taken or is taking place.  As the court noted in its colloquy with counsel, title 29-A M.R.S. § 2060(1) (2015) provides that an "operator shall make both the approach and a right turn as close as practicable to the right-hand curb or edge of the way." Given that Simmons failed to remain in his own lane of travel while turning right into an already "extra wide" intersection, the warden's stop would have been justified by a suspicion that Simmons had committed a traffic violation.  *See State v. Webber*, 2000 ME 168, ¶ 7, 759 A.2d 724 ("[V]iolation of a traffic infraction witnessed by a police officer is sufficient justification for the stop of the vehicle.").

---

[4]  As argued by the State, the warden's articulated reason for stopping Simmons may also support a finding that the warden was motivated by a public safety concern.  *See State v. Pinkham*, 565 A.2d 318, 319 (Me. 1989) ("Safety reasons alone can be sufficient if they are based upon 'specific and articulable facts.'"); *State v. Morrison*, 2015 ME 153, ¶ 7, 128 A.3d 1060 (affirming a stop where a defendant created a safety issue when, "near the crest of a hill, he drove completely into the opposite lane of traffic").  However, we need not consider that argument because the suspicion of a traffic violation in this case provides sufficient basis for the stop.

6

[¶11] Simmons analogizes this case to *State v. Caron*, in which the defendant engaged in a single deviation from the proper lane of travel. 534 A.2d 978, 979 (Me. 1987). In *Caron*, the trooper, after observing the defendant straddle the centerline of a road for twenty-five to fifty yards, stopped the vehicle based on a suspicion that the defendant was under the influence of intoxicating liquor or was asleep. *Caron*, 534 A.2d at 979. There, we held that the brief straddling of the centerline, without other indicia of erratic driving, did not support the officer's subjective suspicion that the defendant was either intoxicated or asleep and "did not give rise to an objectively reasonable suspicion that criminal activity was involved." *Id. Caron* dealt only with the issue of erratic driving, an issue not presented here. As we said in *State v. Dulac*, "*Caron* does not stand for the proposition that deviant operation, because it occurs only once, does not justify a *Terry*-type stop." 600 A.2d 1121, 1123 (Me. 1992).

[¶12] Here, unlike *Caron*, we need not consider whether the evidence gives rise to a suspicion of criminal activity because the warden's testimony, which the court found credible and which was not contradicted in any respect, is sufficient to constitute "specific and articulable facts" to justify stopping the defendant based upon a suspicion that Simmons had committed a traffic infraction.

[¶13] We find no error in the court's conclusion that the warden's suspicion was objectively reasonable and therefore the stop of Simmons's vehicle was

reasonable under the Fourth Amendment. *See State v. Porter*, 2008 ME 175, ¶¶ 8, 11-12, 960 A.2d 321.

The entry is:

Judgment affirmed.

---

**On the briefs and at oral argument:**

Kent G. Murdick II, Esq., Cumler & Lynch, Waldoboro, for appellant Herbert R. Simmons Sr.

Katie R. Hollstrom, Asst. Dist. Atty., District Attorney's Office, Wiscasset, for appellee State of Maine

Wiscasset District Court docket number CR-2014-714
FOR CLERK REFERENCE ONLY