STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss                          DOCKET NO. CUMCD-CR-19-1523


STATE OF MAINE

v.                                      ORDER ON MOTION
                                        TO SUPPRESS
JOSEPH RUSAW,

           Defendant


The defendant seeks to suppress evidence obtained as a result of the stop of defendant on March 23, 2019 in Brunswick, Maine. The defendant argues that the officer lacked reasonable and articulable facts to justify the stop of defendant's car. For the following reasons, the motion is denied.

FINDINGS OF FACT

Brandon Curtis has served as a Brunswick Police Officer for three years. The parties stipulated that he graduated from the Maine Criminal Justice Academy in 2017 and he has training and experience in drug investigation.

Officer Curtis was trained to observe vehicle speed both when traveling and stationary and to determine speed within plus or minus five m.p.h. He passed the speed estimate test at the Maine Criminal Justice Academy. His visual estimates are very accurate, based on his experience at the Maine Criminal Justice Academy and on patrol.

On March 23, 2019 at 1:30 a.m., bar closing time, Officer Curtis was working and was in uniform and in a marked police cruiser. He was traveling southbound on Federal Street in Brunswick. (State's Ex 1.) A motor vehicle traveling at an average rate of speed northbound on Federal Street caught Officer Curtis's attention. As Officer Curtis passed the vehicle, the operator looked at the patrol car. Officer Curtis made a U-turn so he could observe the vehicle's operation. (State's Ex. 1.) As Officer Curtis approached Center Street, he observed the vehicle accelerate to a high rate of speed and turn left very quickly and abruptly on to Bank Street.

1

(State's Ex. 3.) Officer Curtis concluded that the vehicle was trying to avoid police contact. Officer Curtis then observed the vehicle travel at a high rate of speed southbound through the Bank Street parking lot. The vehicle was traveling at a speed far in excess of the 25 m.p.h. marked speed. As Officer Curtis entered the parking lot, he observed the tail lights of the vehicle he was following as the vehicle approached Center Street. (State's Ex. 2.) The vehicle turned left toward Federal Street and Officer Curtis lost sight of the vehicle.

Officer Curtis was approximately five to ten seconds behind the vehicle he was following. He approached Center Street and located the vehicle. Officer Curtis observed a male, later identified as defendant, Joseph Rusaw, walk away from the vehicle Officer Curtis had been following. (State's Exs. 4, 5.) Defendant walked past the front entrance of a house and walked to the back of the house. Officer Curtis pulled up beside the vehicle and demanded that defendant stop. (State's Ex. 5.) Officer Curtis issued defendant a warning for imprudent speed.

Officer Curtis did not activate his blues lights at any time because he feared that would encourage the vehicle to continue at a high rate of speed. Several bars are in the area and patrons leave the bars at 1:30 a.m., closing time. Officer Curtis was concerned for the safety of the patrons. Officer Curtis followed defendant's vehicle because of the high speed, the appearance of an effort to avoid police contact, and the safety of pedestrians in the area.

If defendant's destination was Center Street, the proper route was to travel north on Federal Street, left on Bank Street, left on Maine Street after stopping at the stop sign, and left on Center Street. (State's Exs. 1, 3.) All corners have stop signs and there is a stop sign at the intersection of Bank and Maine Streets. (State's Ex. 3.)

CONCLUSIONS OF LAW

In order to justify a brief investigatory stop, "the standard to be used is whether an officer has an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur." State v. Sasso, 2016 ME 95, ¶ 14, 143 A.3d 124 (quotation marks

2

omitted); see State v. Simmons, 2016 ME 49, ¶ 8, 135 A.3d 824 ("A stop is justified when an officer's assessment of the existence of specific and articulable facts indicating a possible violation of the law or a public safety risk is objectively reasonable considering the totality of the circumstances." (quotation marks omitted)); State v. Brown, 1997 ME 90, ¶ 5, 694 A.2d 453 ("[A] police officer must have an articulable suspicion that criminal conduct or a civil violation has occurred, is occurring, or is about to occur, and the officer's suspicion must be objectively reasonable in the totality of the circumstances." (quotation marks omitted)). "An investigatory stop is valid when it is supported by specific and articulable facts which, taken as a whole and together with rational inferences from those facts, reasonably warrant the police intrusion." See State v. Taylor, 1997 ME 81, ¶ 9, 694 A.2d 907 (quotation marks omitted). "The reasonable suspicion standard requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch." State v. Sampson, 669 A.2d 1326, 1328 (Me. 1996) (quotation marks omitted).

Officer Curtis's stop of defendant was justified. Defendant accelerated when the cruiser, which defendant looked at as he passed it, turned to follow defendant. See State v. Simons, 2017 ME 180, ¶¶ 2, 13, 169 A.3d 399; State v. Hersi, 2016 Me. Super. LEXIS 299, *2. Officer Curtis also observed defendant travel through a parking lot at a speed that was unsafe because of the potential to hit pedestrians leaving bars in the area; defendant could have traveled on streets and obeyed traffic control devices. Officer Curtis concluded defendant's conduct was an effort to avoid police contact and a threat to public safety. See Sasso, 2016 ME 95, ¶ 21, 143 A.3d 124 ("Safety reasons alone can be sufficient [to support a stop] if they are based on 'specific and articulable facts." (quotation marks omitted)).

3

The entry is

Defendant's Motion to Suppress is DENIED.

Date:  October 1, 2019

Nancy Mills
Justice, Superior Court

CUMCD-CR-19-1523

4