STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss                                    DOCKET NO. CR-18-6086


STATE OF MAINE

v.                                                ORDER ON DEFENDANT'S
                                                  MOTION TO SUPPRESS
DAVID MURDOCH,

            Defendant

      Defendant seeks to suppress evidence obtained by law enforcement as a result of the stop

and detention of defendant. He argues the police officer lacked probable cause to arrest him. For

the following reasons, the motion is denied.

FACTS

      Benjamin Burnes has been a police officer for Windham, Maine for three and one-half

years. The parties stipulated that he is trained and qualified to conduct an OUI investigation, to

administer standard field sobriety tests, and to operate radar.

      Officer Burnes was on routine patrol duty on November 5, 2018. At 12:15 a.m., he

observed an Audi station wagon on Route 100. As Officer Burnes followed the vehicle, it

exceeded the speed limit, traveling 56 m.p.h. in a 40 m.p.h. zone and later in a 50 m.p.h. zone.

Officer Burnes activated his blue lights but the vehicle did not stop. He then activated his siren

and the vehicle traveled slowly to the side of the road with the directional signal in use and

stopped in a safe location.

      Officer Burnes approached the vehicle. When he asked the operator to roll the window

down, the operator rolled the window down only a few inches. Officer Burnes found suspicious

the facts that the operator appeared to want to obstruct communication with Officer Burnes and

that the vehicle's fan was set on the highest setting. The temperature outside was 30 degrees.

      Officer Burnes noted the odor of intoxicants from the air coming from the vehicle.

Officer Burnes did not recall whether his nose broke the plane of the vehicle but that was

1

possible. The video shows that Officer Burnes did break the plane of the window. (State's Ex. 1.) He smelled inside the vehicle as best he could. Officer Burnes asked for the operator's license, registration, and insurance. The operator opened his wallet for his I.D. and reached into the glove box for his registration and insurance. He displayed poor finger dexterity in his effort to remove the documents. Defendant, identified from his I.D., was the only occupant of the vehicle. At the time of the stop, defendant was 79.5 years old.

Defendant exhibited slow, slurred speech and red, glossy, bloodshot eyes. Upon inquiry, defendant admitted consuming two twelve ounce beers thirty to sixty minutes previously. Officer Burnes learned that defendant had an OUI conviction and had refused field sobriety tests. Officer Burnes believed the same scenario was about to take place and called for a second officer, who arrived.

Officer Burnes could not recall the conversation regarding defendant getting out of his vehicle, which lasted for a couple of minutes. Officer Burnes did not believe he told defendant he would be arrested if he did not get out. Defendant got out of his vehicle after a few minutes. Defendant swayed back and forth initially but later appeared more steady on his feet. (State's Ex. 1.)

Although the NHTSA guidelines provide that field sobriety tests should not be administered to any person over the age of 65, Officer Burnes requested that defendant perform field sobriety tests. Defendant responded that he had had knee and hip replacements and refused to perform the tests. Officer Burnes tried to convince defendant to perform the tests. Officer Burnes offered the alphabet, counting, and HGN tests. Defendant admitted he knew the alphabet and how to count but declined the tests. Defendant complained multiple times about his knee and hip replacements. Officer Burnes explained that the tests he offered did not involve defendant's knee, hip, or walking. Defendant refused to complete any field sobriety tests but offered to submit to a blood test.

Officer Burnes continued to note the odor of intoxicants after defendant got out of the vehicle. Defendant did not comply with Officer Burnes's requests and was not cordial. Officer

2

Burnes continued to believe defendant had consumed alcohol, concluded probable cause existed for an arrest, and placed defendant under arrest for OUI. Officer Burnes based his probable cause conclusion on the odor of intoxicants, defendant's admission he consumed alcohol, his speeding, his balance outside of the vehicle, his poor finger dexterity, and his refusal to perform field sobriety tests. Based on his experience, these behaviors are exhibited by people who have consumed too much alcohol to operate a motor vehicle.

CONCLUSIONS

"[A] field sobriety test, like any other investigatory stop, must be based on specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." State v. Simons, 2017 ME 180, ¶ 12, 169 A.3d 399 (quotation marks omitted). "At the time of making an investigatory stop, a police officer must have an articulable suspicion, objectively reasonable in light of all the circumstances, that the object of the search has committed or is about to commit a crime." Id. (quotation marks omitted). The reasonable articulable suspicion standard requires the "officer's suspicion be more than mere speculation or an unsubstantiated hunch." Id. (quotation marks omitted). Based on the above facts, but excluding the odor of intoxicants from the inside of the vehicle, Officer Burnes had reasonable articulable suspicion to support his request that defendant exit his vehicle to conduct field sobriety tests. See id. at ¶ 13; State v. Northrup, SAGSC-CR-2012-493 (Me. Super. Ct., Sag. Cty., Aug. 23, 2012).

Probable cause exists if based on the information available, a prudent and cautious person would believe that crime was or is being committed. State v. Palmer, 2018 ME 108, ¶ 10, 190 A.3d 1009. "In the context of an OUI investigation, an officer only needs evidence sufficient to support the reasonable belief that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink." Id. (quotation marks omitted).

The court concludes that the officer had sufficient probable cause to believe the defendant was operating the car while his senses were "impaired however slightly" or "to any extent" by the alcohol he admitted drinking. See id. The arrest and request that the defendant

3

take a blood alcohol test were justified on this record. <u>See</u> <u>State v. Morrison</u>, 2015 ME 153, ¶ 9, 128 A.3d 1060.

    The entry is

        The Defendant's Motion to Suppress is DENIED.

Date: October 9, 2019

                              Nancy Mills
                              Justice, Superior Court

4