STATE OF MAINE                    UNIFIED CRIMINAL COURT
KENNEBEC, ss.                     LOCATION: AUGUSTA
                                  DOCKET NO.: CR-2021-1118


STATE OF MAINE              )
                           )      ORDER ON DEFENDANT'S
        v.                 )      MOTION TO SUPRESS
                           )
                           )
CHARLES JUSKO              )
                           )
        Defendant          )

This matter came before the court on May 10, 2022, for hearing on defendant's motion to suppress. Defendant did not appear, having previously waived his right to be present, but was represented by Attorney Darrick X. Banda, Esq. The State was represented by Assistant District Attorney Tracy McCarthy, Esq.

At the onset of the hearing, defendant clarified the issue raised by his motion to suppress: whether there was sufficient probable cause to stop his vehicle.

The court heard the testimony of Trooper Kevin Foley of the Maine State Police, and admitted State's Motion Exhibit 1, a video taken from the officer's cruiser camera. The parties requested to file written summation which the court granted. Defendant filed his bench memo in support of defendant's motion to suppress on May 20, 2022, which included the attachment of relevant sections of the Maine Motor Vehicle Inspection Manual (16-222, Chapter 1 section 170, pages 13-15). The state filed its bench memo in support of denial of Defendant's motion to suppress on May 25, 2022, which included attached copies of *State v. Webber*, 2000 ME 168, 759 A.2d 724; *State v. Taylor*, 1997 ME 81, 694 A.2d 907; and *State v. Boutin*, Order on Motion to Suppress No. KENCD-CR-2019-20350 (Kennebec Cnty., September 19, 2019). After hearing, and having considered all of the evidence and written and oral arguments presented, the court makes the following findings of fact and conclusions of law:

Kevin Foley has been employed as a law enforcement officer with the Maine State Police for two years. He was employed in a law enforcement capacity for three years prior to joining the Maine State Police, for a total of 5 years in law enforcement. He is a graduate of the San Francisco, California police academy and has had additional training at the Maine Criminal Justice Academy, including training in vehicle requirements under Maine law.

1

On July 21, 2021, Trooper Foley was working the evening shift. He was in full uniform and in a marked cruiser. At approximately 10:30 pm he was stopped in a parking lot conducting stationary traffic observation on Route 9 in Randolph. Just after 10:30 pm, Trooper Foley observed a silver-colored sedan travel in front of his location with only one of the two registration plate[1] lights working. Due to the non-functioning registration plate light, Trooper Foley was unable to read the registration plate as it traveled past him, less than 30 feet away. Trooper Foley entered the roadway behind the vehicle where he was able to confirm that the plate light was out. Trooper Foley then initiated a stop of the vehicle to inform the operator of the defect. The vehicle stopped upon request. The driver was identified as the defendant, Charles Jusko.

Maine law states: "A vehicle must have a white light capable of illuminating the rear registration plate so that the characters on the plate are visible for a distance of at least 50 feet." 29-A M.R.S. § 1909 (in pertinent part). Further, Maine law states a violation of this section constitutes a traffic infraction. 29-A M.R.S. § 104 (in pertinent part). Finally, "if an officer has reasonable and articulable suspicion to believe that a violation of law has taken or is taking place, the officer, if the officer is in uniform, may stop a motor vehicle for the purpose of ... issuing appropriate written process for a [ ... ] traffic infraction. 29-A M.R.S. § 105(1)(B) (in pertinent part).

In order to justify a brief investigatory stop of a vehicle, a police officer must have an "objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur." *State v. Sasso*, 2016 ME 95, ¶ 7, 143 A.3d 124. "A stop is justified when an officer's assessment of the existence of specific and articulable facts indicating a possible violation of law or a public safety risk is objectively reasonable considering the totality of the circumstances." *State v. Simmons*, 2016 ME 49, ¶ 8, 135 A.3d 824. "[T]he officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop [must be] objectively reasonable in the totality of the circumstances." *State v. Blier*, 2017 ME 103, ¶ 1, 162 A.3d 829. "An investigatory stop is valid when it is supported by specific and articulable facts which, taken as a whole and together with the rational inferences from those facts, reasonably warrant the police intrusion." *State v. Taylor*, 1997 ME 81, ¶ 9, 694 A.2d 907.

The Law Court has recognized "that the threshold for demonstrating an objectively reasonable suspicion necessary to justify a

---

[1] Maine law refers to a registration plate, which is commonly known as a license plate.

vehicle stop is low, in that 'reasonable articulable suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence.'" *State v. Laforge,* 2012 ME 65, ¶10, 43 A.3d 961, *quoting State v. Porter,* 2008 ME 175, ¶ 9, 960 A.2d 321.) "[T]he reasonable suspicion standard requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch." *State v. Sampson,* 669 A.2d 1326 at 1328 (Me. 1996). "This standard balances the driver's right to be free from excessive restraint by the State against the public's right not to be placed at risk by an impaired driver." *State v. Porter,* at ¶ 9.

Trooper Foley was parked that night for the specific purpose of observing traffic. He observed Defendant's vehicle as it traveled in front of his location, without a fully working plate light, and as such, Trooper Foley was unable to read registration plate from less than 30 feet away (much less than the required 50 feet). The court finds the officer's testimony credible as to his observations of Defendant's vehicle on that night. The court finds that the officer had an objectively reasonable suspicion that a traffic offense had been committed. "The violation of a traffic infraction witnessed by a police officer is sufficient justification for the stop of the vehicle." *State v. Webber,* 2000 ME 168, ¶ 7.

Based on the foregoing, the court is satisfied that the officer had objectively reasonable articulable suspicion to stop Defendant's vehicle, and therefore, Defendant's Motion to Suppress is DENIED.

The Clerk shall enter this Order upon the docket by reference.

Dated: June 1, 2022

Deborah P. Cashman
Justice, Maine Superior Court

3

STATE OF MAINE           )
                             )
V.                         )    ORDER ON MOTION
                             )    FOR DISCOVERY SANCTIONS
CHARLES STAFFORD JUSKO   )    M.R.U. Crim. P. 16 (e)
                             )
                             )

This matter came before the Court on Defendant's motion for discovery sanctions dated October 28, 2021. A testimonial hearing on the motion was held on November 23, 2021. Present at the hearing was Attorney Darrick Banda, Esq. representing the Defendant, Charles Jusko and the State. In the Defendant's motion and at oral argument, the Defendant asserted that the State violated its automatic discovery obligations under Maine Rule of Unified Criminal Procedure 16(a) when it failed to timely preserve and produce an Augusta Police Department video of the Defendant's breath-test and argued that, because this is the sixth time the same violation has occurred in this prosecutorial district, the appropriate sanction is to dismiss the case with prejudice. The State admitted that it produced the video after the discovery deadline but argued that the video was provided to the Defendant and no harm has occurred as a result of the late production.

After hearing oral arguments, the Court took the matter under advisement. The issue presented is whether the State committed a discovery violation, and if so, what the appropriate sanction should be. After considering the record and the parties' written and oral arguments, including the cited case law, the Court makes the following findings of fact and conclusions of law:

1

## PROCEDURAL HISTORY AND BACKGROUND

On July 21, 2021 the Defendant, Mr. Jusko, was detained by Trooper Kevin Foley of Maine State Police ("MSP") based on the suspicion of operating under the influence ("OUI"). While in custody of the MSP, Jusko was transported to the Augusta Police Department ("APD") and submitted to a breath test in the APD intoxilyzer room. The intoxilyzer room at APD is video recorded.

The State filed a criminal complaint against Mr. Jusko on August 5, 2021 charging him with one count Criminal OUI (Class D) in violation of 29-A M.R.S. § 2411(1-A)(A). On September 20, 2021 the Defendant entered a written plea of not guilty and a waiver of arraignment. On that same date, the Defendant also requested discovery from the State including "any video of the stop that may exist from the dash-cam of the police cruiser, body camera footage, any video of the booking/intoxilyzer room as well as dispatcher logs." (Def.'s Ex. A, ¶ 5.) The Defendant's written not guilty plea was docketed on September 22, 2021. A scheduling notice was sent on September 28, 2021 and the trial was set for docket call on June 8, 2022.

On October 14, 2021 the State produced discovery via Sharefile, however it did not include the APD breath testing video from intoxilyzer room on July 21, 2021. (*See* Def.'s Ex. B.) The State then sent a letter to Defense counsel on October 19, 2021 confirming that they received the discovery request, intended to comply with Maine Rule of Unified Criminal Procedure 16, and stated that they believed they had "provided all material evidence, both inculpatory and exculpatory". (Def.'s Ex. C.) On October 28, 2021, having still not received the intoxilyzer room video, the Defendant filed a motion for discovery sanctions and a motion to suppress. Four days later on November 1, 2021 the State provided the missing intoxilyzer room video to the Defendant.

The Defendant's motions were scheduled for a hearing on November 23 2021 and the State moved to continue the motion to suppress hearing, which was granted.

## DISCUSSION

### A. Discovery Violation

A discovery violation occurs when the State fails to comply with automatic discovery under Rule 16(a), discovery upon request under Rule 16(c), or both. M.R.U. Crim. P. 16(e). Under Rule 16(a)(1) the State has an affirmative duty to provide the Defendant with information material to the case and to 'make a diligent inquiry' of its police agencies and investigators to determine if automatically discoverable information exists in their files. *State v. Hassan*, 2018 ME 22, ¶ 19, 179 A. 3d 898. Automatic discovery includes, *inter alia*, "written or recorded statements and the substance of any oral statements made by the defendant" and any "electronically stored information, [or] photographs (including motion picture and video tapes) which the attorney for the state intends to use as evidence in any proceeding or which were obtained or belong to the defendant." M.R.U. Crim. P. 16(a)(2)(B)-(I); *see also State v. Simmons*, 435 A. 2d 1090, 1093 (Me. 1981)(explaining that "intended to be used against the defendant" is not limited in scope to what will be used at trial). The State must also provide a statement describing any evidence obtained as a result of a search and seizure of the defendant. M.R.U. Crim. P. 16(a)(2)(B)(i).

The State's automatic discovery obligations apply only to matters and materials within the State's possession or control. M.R.U. Crim. P. 16(a)(1); *see also Hassan*, 2018 ME 22, ¶ 19, 179 A. 3d 898. However, this obligation also extends to "matters within the possession or control of any member of the attorney for the State's staff," as well as any State official or employee "who regularly reports, or with reference to a particular case has reported to the office" of the State's attorney. *Id.*

3

Automatic discovery must be provided to the defendant *no later than 7 days* after the defendant's arraignment or entry of a written plea of 'not guilty' for a Class D crime. M.R.U. Crim. P. 16(b)(2) (emphasis added). The State is required to provide to the defendant any automatically discoverable information in the manner proscribed under Rule 16(a)(4). M.R.U. Crim. P. 16(a)(4). If the information is audio, video, motion picture, photographic evidence, or electronically stored information, then the "attorney for the State *shall disclose the existence of such evidence with automatic discovery.*" M.R.U. Crim. P. 16(a)(4) (emphasis added). When the Defendant requests a copy of those materials, the State must provide it at a reasonable time and in a reasonable manner. *Id.*

The Court finds that the APD intoxilyzer room video, which may contain either pre-test or post-test statements made by the Defendant, is subject to automatic discovery. *See* M.R.U. Crim. P. 16(a)(2)(B)(i)-(ii),(C), (F). The Court finds that the investigating officer, Trooper Foley, would have been aware that the intoxilyzer room in APD was recorded and that there would be a video of Mr. Jusko's breath test.[1] The Court finds that the MSP and APD are officers who regularly report to the office of the State's attorney, and therefore, the video of the intoxilyzer room is considered within the possession or control of the State. As a result, the State had a duty to make reasonably diligent inquiry of MSP to uncover material relevant to the case against the Defendant, including the APD intoxilyzer room video.

Since the video at issue is considered to be automatically discoverable under Rule 16, the State was obligated to disclose the existence of the video, along with automatic discovery, seven

---

[1] It is reasonable to "expect that law enforcement officers will understand that a recording of a defendant who has been arrested and taken to an intoxilyzer room that is known to be furnished with video recording equipment is subject to the automatic discovery requirement of Rule 16 and diligent inquiry must be made to seek out and obtain it before it is irretrievably lost." *State v. Williams*, No. KENCD-CR-16-1645 Unified Criminal Docket (Kennebec Cnty., June 15, 2018)

days after Mr. Jusko's written plea of not guilty was docketed on September 22, 2021. Alternatively, if measuring the discovery deadline from the arraignment date of October 18, 2021 then, the State was obligated to disclose the video by October 25, 2021. However, the State did not disclose the existence of the video with automatic discovery on October 14, nor was it disclosed of in the letter to Defense counsel dated October 19. (*See* Def.'s Ex. C.) By that point, automatic discovery was 23 days late—if measuring from entry of the written plea.

The Court finds that 41 days had passed from the time the Defendant requested the video via letter dated September 20 to the date he received it on November 1, 2021. The Court finds that the State failed to comply with its obligations under Rule 16 to disclose the existence of the video with automatic discovery and it failed to provide the video within a reasonable time after the Defendant requested it. Therefore, the Court finds the State committed a discovery violation under M.R.U. Crim. P. 16(e).

## B. <u>Appropriate Sanction</u>

If the attorney for the State fails to comply with Rule 16, the court has the discretion to take any action it deems appropriate. M.R.U. Crim. P. 16(e). In certain circumstances, "[t]he 'appropriate' sanction may be nothing at all," or in extreme cases, dismissing the case with prejudice. *State v. Reeves*, 499 A. 2d 130, 133 (Me. 1985); *State v. Bishop*, 392 A. 2d 20, 26 (Me. 1978). The primary purpose of Rule 16 is to protect the defendant from any prejudice by diminishing the element of unfair surprise at trial, "all to the end of making the result of criminal trials depend on the merits of the case rather than on the demerits of lawyer performance on one side or the other." *State v. Poulin*, 2016 ME 110, ¶ 29, 144 A. 3d 574. Thus, a proper sanction for a discovery violation should promote the interests of justice and remedy any harm to the Defendant caused by the State's violation. *See State v. Ledger*, 444 A. 2d 404, 412 (Me. 1982).

In *State v. Reed-Hansen* the Law Court recognized that the burdens placed on the prosecution to comply with the discovery rules will inevitably cause mistakes to be made, and therefore, "sanction for such mistakes should be tailored to the individual circumstances of each case, with a focus on fairness and justice." *State v. Reed-Hansen*, 2019 ME 58, ¶ 10, 207 A. 3d 191. The inadvertence of the discovery violation may be relevant to the sanction but carelessness is unacceptable and inexcusable. *Id.* at ¶ 17-18.

In this case, the Court must consider whether the State's discovery violation prejudiced the Defendant's ability to defend the case at either the motion to suppress hearing or at trial. Here, the Court finds that the Defendant was provided the requested video seven months in advance of docket call for trial and weeks prior to the scheduled motion to suppress hearing. Therefore, the Court finds that the Defendant's ability to adequately prepare for hearing or trial was not harmed.

In addition, the Court finds that the State's failure to provide discovery in a timely manner was not the result of bad faith. Although not disclosed in a timely fashion, the State provided the video to Defense Counsel via Sharefile less than a month after the State responded to the discovery request on October 19 and only four days after the Defendant filed the motion for discovery sanctions. (*See* Def.'s Ex. C.) Defense counsel argues that dismissal is appropriate in this case based on case law and history of MSP failing to preserve and produce breath testing video from APD. However, the Court finds that this case is distinguishable from the cited case law based on the fact that the State actually furnished the APD intoxilyzer video in a reasonable time prior to any evidentiary hearing. *Cf. Reed-Hansen*, 2019 ME 58, ¶ 20, 207 A. 3d 191 (suppressing all evidence from a traffic stop when the existence of dash-cam evidence was revealed for the first time at motion to suppress hearing); *State v. Savage*, No. SOMCD-CR-20-292 Unified Criminal Docket (Somerset Cnty., September 17, 2021) (dismissing the case due to the unfair prejudice

6

caused when State unintentionally destroyed invaluable recordings of witness interviews after multiple requests by Defendant); *State v. Farmer*, No. PENCD-CR-19-20594 Unified Criminal Docket (Penobscot Cnty., March 3, 2020) (suppressing video evidence from use in State's case-in-chief after State failed to provide discovery for more than four months despite no bad faith by State); and *State v. Williams*, No. KENCD-CR-16-1645 Unified Criminal Docket (Kennebec Cty., June 15, 2018) (suppressing the results of intoxilyzer test and any statements made by the Defendant from State's case-in-chief because State failed to request the intoxilyzer room video and it was unintentionally destroyed).

In conclusion, under these circumstances, the Court finds that the Defendant's suggested sanction of dismissal of this case with prejudice unwarranted. It is true that Maine State Police have bungled their discovery responsibilities on more than one occasion. However, in this case, teaching the State "a lesson" by dismissing the case entirely is too extreme for a violation more akin to inadvertent mistake by the State and MSP than their willful ignorance which occurred in *Reed-Hansen* or *Savage*. Unlike the cases discussed above, here the State's violation will not prevent the Defendant from the fair and adequate preparation of his case. Therefore, in fairness, the appropriate sanction is no sanction.

## CONCLUSION

For the reasons set forth above, the Defendant's motion for discovery sanctions is DENIED.

Dated: 12/9/2021

Brent A. Davis
Judge, Maine District Court

True copy
ATTEST:

Michele Lumbert
Michele Lumbert
Clerk of Courts

7

STATE OF MAINE
    v.
CHARLES STAFFORD JUSKO
14 BURLEIGH STREET
WATERVILLE ME 04901

CRIMINAL DOCKET
KENNEBEC, ss.
Docket No   KENCD-CR-2021-01118

**DOCKET RECORD**

DOB: 01/22/1989
Attorney: DARRICK BANDA                         State's Attorney: MAEGHAN MALONEY
          LAW OFFICES OF RONALD W BOURGET
          185 STATE ST
          AUGUSTA ME 04330-6407
          RETAINED 09/22/2021

Filing Document: CRIMINAL COMPLAINT             Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 08/05/2021

## Charge(s)

1   OUI (ALCOHOL)                               07/21/2021 RANDOLPH
Seq 12942 29-A  2411(1-A)(A)        Class D
    FOLEY                 / MSP

## Docket Events:

08/06/2021 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/05/2021

08/06/2021 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULE OTHER COURT ON 10/18/2021 at 08:30 a.m. in Room No.  1

           AUGSC
09/28/2021 Party(s): CHARLES STAFFORD JUSKO
           ATTORNEY -  RETAINED ENTERED ON 09/22/2021

           Attorney: DARRICK BANDA
09/28/2021 Charge(s): 1
           HEARING -  ARRAIGNMENT WAIVED ON 09/22/2021

09/28/2021 Charge(s): 1
           PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 09/22/2021

09/28/2021 Charge(s): 1
           TRIAL -  DOCKET CALL SCHEDULED FOR 06/08/2022 at 08:30 a.m. in Room No.  1

09/28/2021 Charge(s): 1
           TRIAL -  DOCKET CALL NOTICE SENT ON 09/28/2021

           BY EMAIL
10/29/2021 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/28/2021

10/29/2021 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 10/28/2021

           MOTION FOR DISCOVERY SANCTIONS
10/29/2021 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/23/2021 at 09:30 a.m. in Room No.  1

           NOTICE  TO PARTIES/COUNSEL

10/29/2021 HEARING -   MOTION TO SUPPRESS NOTICE SENT ELECTRONICALLY ON 10/29/2021

10/29/2021 HEARING -   MOTION FOR DISCOVERY SCHEDULED FOR 11/23/2021 at 09:30 a.m. in Room No.  1

          NOTICE  TO PARTIES/COUNSEL
10/29/2021 HEARING -   MOTION FOR DISCOVERY NOTICE SENT ELECTRONICALLY ON 10/29/2021

11/20/2021 Charge(s): 1
          MOTION -   MOTION TO CONTINUE FILED BY STATE ON 11/19/2021

11/23/2021 HEARING -   MOTION FOR DISCOVERY HELD ON 11/23/2021
          BRENT  DAVIS , JUDGE
          Defendant Present in Court
11/23/2021 HEARING -   MOTION TO SUPPRESS HELD ON 11/23/2021
          BRENT  DAVIS , JUDGE
          Defendant Present in Court
12/14/2021 Charge(s): 1
          MOTION -   MOTION TO CONTINUE GRANTED ON 11/23/2021
          BRENT  DAVIS , JUDGE
          COPY TO PARTIES/COUNSEL
12/14/2021 MOTION -   MOTION FOR DISCOVERY DENIED ON 12/09/2021
          BRENT  DAVIS , JUDGE
          COPY TO PARTIES/COUNSEL
12/14/2021 ORDER -   COURT ORDER FILED ON 12/09/2021
          BRENT  DAVIS , JUDGE
          ORDER ON MOTION FOR DISCOVERY SANCTIONS
12/14/2021 OTHER FILING -   MEMORANDUM OF LAW FILED ON 11/23/2021

          Attorney:  DARRICK BANDA
          SUPPLEMENTAL MEMORANDUM RE: MOTION FOR DISCOVERY SANCTIONS

A TRUE COPY
ATTEST: _____
                    Clerk